[No. G002095. Fourth Dist., Div. Three. Feb. 14, 1985.]

FAY LARUE EYRICH, Petitioner, v.
THE MUNICIPAL COURT FOR THE CENTRAL ORANGE COUNTY
JUDICIAL DISTRICT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, James Dean Allen and Richard Schwartzberg, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Michael Pear, Deputy District Attorneys, for Real Party in Interest.

OPINION

**TROTTER, P. J.**—Petitioner Fay Larue Eyrich seeks a writ of mandamus claiming respondent improperly denied his request for a court reporter. We agree.

Eyrich is charged with violations of Penal Code sections 243.1 (battery against custodial officer in performance of duties), 241.1 (assault upon custodial officer), and 148 (resisting, delaying or obstructing officer). Respondent court appointed the public defender to represent him, after Eyrich filed a "Financial Statement on Eligibility for Appointment of Counsel." When Eyrich's case was called, a deputy public defender answered ready for trial and requested a court reporter be ordered. The request was denied "unless special issues [were] involved."

Eyrich petitioned the superior court for an alternative writ of prohibition/mandate. The writ issued, the state filed a return, and Eyrich filed a traverse. The superior court denied Eyrich relief, holding he had failed to establish indigency for purposes of obtaining a free court reporter. This petition followed, and we stayed further proceedings pending its resolution.

I

██ Eyrich contends a separate showing of indigency for purposes of obtaining a court reporter is both wasteful and unnecessary. He urges that this sort of piecemeal determination of indigency should be prohibited. If it is not, he queries whether a new showing will have to be made every time a misdemeanor defendant needs any ancillary service, such as that provided by an investigator, an expert, or an interpreter. Finally, he suggests Penal Code section 987.8 provides a way of recouping the cost of a court reporter

if it is later determined a defendant has the ability to pay.[1] We find Eyrich's argument persuasive.

Preliminarily, we note an indigent misdemeanant is not necessarily entitled to a court reporter, but *is* entitled to a "verbatim record." (*Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041 [192 Cal.Rptr. 341]; *In re Armstrong* (1981) 126 Cal.App.3d 565 [178 Cal.Rptr. 902].) Although use of a court reporter is one way of obtaining a verbatim record, it may also be acquired through an electronic recording when no court reporter is available. (Gov. Code, § 72195; Cal. Rules of Court, rule 980.5.) In any event, we construe Eyrich's request for a court reporter as a request for a verbatim record, and return to Eyrich's main argument.

We see no reason, once a court has determined a misdemeanor defendant is eligible for appointment of counsel, to require a separate showing of indigency when a verbatim record is requested. Such a requirement would merely serve to delay proceedings and impose an additional burden on the court system.

Moreover, a financial statement filed for purposes of obtaining a court reporter would not be protected under Penal Code section 987, subdivision (c), as is a financial statement filed to obtain appointed counsel.[2] Presumably

---

[1]Penal Code section 987.8 provides in pertinent part: "(a) In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided. . . .

"(d) . . . If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. . . .

"(f) As used in this section:

"(1) 'Legal assistance' means legal counsel and supportive services including, but not limited to, medical and psychiatric examinations, investigative services, expert testimony, or any other form of services provided to assist the defendant in the preparation and presentation of the defendant's case. . . ."

[2]Penal Code section 987, subdivision (c) provides: "In order to assist the court in determining whether a defendant is able to employ counsel in any case, the court may require a defendant to file a financial statement under penalty of perjury. The financial statement shall be confidential and privileged and shall not be admissible in evidence in any criminal proceeding except the prosecution of an alleged offense of perjury based upon false material contained in the financial statement. The financial statement shall be made available to the prosecution only for purposes of investigation of an alleged offense of perjury based upon false material contained in the financial statement at the conclusion of the proceedings for which such financial statement was required to be submitted. The financial statement shall not be confidential and privileged in a proceeding under Section 987.8."

such a statement could be used against a defendant at trial, if otherwise relevant.

Finally, a misdemeanor defendant would only obtain a *free* verbatim record if it was later determined he could not pay for it pursuant to Penal Code section 987.8. That section permits a court to order reimbursement for "legal assistance," and the term "legal assistance" is broadly defined. The services used to obtain a verbatim record would appear to fall within its parameters. (See *ante,* fn. 1.)

## II

We must deal with dicta in our *Andrus* decision which suggests *"little more* than a bare request will suffice" to justify a verbatim record (*Andrus* v. *Municipal Court, supra,* 143 Cal.App.3d at p. 1050, italics added), because in this case there has been *nothing* more than a bare request. Therefore, we have reconsidered the issue of sufficiency of justification, and now find a bare request *alone* will suffice. It must be emphasized we are confronted with a request for a verbatim record made *before* trial when "the imagination of defense counsel, the impossibility of predicting what might arise in even the simplest trial, and the court's inability to require disclosure of defense strategy almost always will combine to mandate the maintenance of a verbatim record . . ." (*Id.,* at p. 1051.) In contrast, a request made *after* trial for a free transcript requires a showing of colorable need. (*March* v. *Municipal Court* (1972) 7 Cal.3d 422, 428 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945].) In such a case, "knowledge will replace speculation; and the defense strategy will be known." (*Andrus* v. *Municipal Court, supra,* 143 Cal.App.3d at p. 1051.)

Since we have held Eyrich does not have to make another showing of indigency, or justify his request for a verbatim record, it follows he is entitled to a verbatim record.

Let a peremptory writ of mandamus issue directing respondent to order a court reporter or other means of obtaining a verbatim record.

Wallin, J., concurred.

**SONENSHINE, J.**—I concur in the result reached by the majority, but cannot join in all of its dicta. I agree a "request for a court reporter [is] a request for a verbatim record" and I agree with the finding "a bare request *alone* will suffice."

However, as stated in my dissent in *Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041 [192 Cal.Rptr. 341], I believe *all* misdemeanant de-

fendants are entitled to a court reporter (or some other adequate means of providing a verbatim record). This constitutional right should not be dependent upon the defendant's financial status.