[Crim. No. 26169. Second Dist., Div. Four. Apr. 13, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS McARTHUR WESTBROOK, Defendant and Appellant.

262

## COUNSEL

R. J. Williamson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Randy S. Morrison-Bruck, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Defendant was charged with, and after a trial by jury was convicted of, one count of rape, one count of robbery and one count of assault with a deadly weapon, in violation of subdivision (a) of section 245 of the Penal Code. He was sentenced to prison on all three counts, the sentences to run concurrently, with sentences on the rape and assault counts being stayed under the *Niles* formula. He has appealed; we modify and affirm.

### I

The case for the prosecution was that as the victim, at about midnight, was parking her car in her garage, she was held up, robbed and raped. The defense was an alibi.

■ Defendant does not deny that the victim was robbed, raped and assaulted as she testified. He contends that the evidence of identity was not sufficient to support the verdict of guilt. Unquestionably, the identity evidence was weak and the alibi testimony strong. However, it was for the trier of fact, and not for us, to weigh the relative weight of the testimony.

### II

■ The defendant was represented at the trial by a deputy public defender. Thereafter, at his arraignment for sentence, he was represented by privately retained counsel. That counsel sought, and secured, a continuance of that hearing to enable him to prepare for it but his request for a reporter's transcript of the trial proceedings, in order to

prepare to make a new trial motion, was denied. With the aid of a transcript, appellate counsel has made to us an argument on the sufficiency of the evidence which, although ineffective here, might have persuaded a trial court, empowered to exercise its own judgment as to weight and credibility. Counsel necessarily was handicapped in arguing evidence without such a transcript. However, as the motion was made, it quite properly was treated by the trial court as a request for a free transcript. Had the motion been accompanied by a showing that defendant could not procure a transcript at his own expense, it should have been granted.

In *People* v. *Hosner* (1975) 15 Cal.3d 60 [123 Cal.Rptr. 381, 538 P.2d 1141], the Supreme Court held that an indigent defendant was entitled, as of right, to a free transcript of a former trial in order to enable new counsel properly to prepare for a second trial. However, in that case no serious problem would arise although the preparation of the transcript might delay the start of the new trial. In the only case we have found that deals with a transcript desired for the use of new counsel on a new trial motion (*People* v. *Lopez* (1969) 1 Cal.App.3d 78 [81 Cal.Rptr. 386]), the court sustained a denial of such a transcript to new counsel for an indigent defendant on two grounds: (1) the problems involved in the potential delay; and (2) the availability of the trial counsel for consultation on the only issue that the new counsel indicated he hoped to raise. Neither ground exists in the case at bench. Here the trial court had granted a continuance to enable the new counsel "to prepare," and one of the grounds that the new counsel indicated he hoped to raise was that of inadequate representation by the original counsel—not a matter on which that counsel could be expected to be of assistance. The language of the court in *Lopez,* in distinguishing the case before it from other possible cases, is significant here. The *Lopez* court said (at p. 83):

"However, we reject respondent's sweeping suggestion that an indigent is never entitled to a full stenographer's transcript in connection with a motion for a new trial. A new trial motion is an integral part of the trial itself [citation], and in a close case is of greater import to the defendant than appellate review; in passing on such a motion, the trial court, unlike an appellate court, may reweigh the evidence and judge the credibility of witnesses [citations]. Thus, since the poor, as well as the rich, are entitled to *effective* representation by counsel at every stage of a criminal prosecution [citation], a situation could conceivably arise where the court's refusal to furnish an indigent defendant with a full reporter's transcript would not only deny him equal protection under the law, if

under similar circumstances a full transcript were available to an affluent defendant, but would also deprive him of effective representation by counsel at a critical stage of his trial; the untimely death of the trial lawyer or the judge who presided at the trial are situations which readily come to mind.

"We hold that an indigent defendant is not entitled, as a matter of absolute right, to a full reporter's transcript of his trial proceedings for his lawyer's use in connection with a motion for a new trial; but, since a motion for a new trial is an integral part of the trial itself, a full reporter's transcript must be furnished to all defendants, rich or poor, whenever necessary for effective representation by counsel at that important stage of the proceeding." (Italics in original.)

As we have pointed out above, the case at bench is one in which the trial counsel, although alive and physically available, hardly could be deemed available for effective consultation.

However, defendant was here represented by private counsel and no showing of economic inability to pay for a transcript was made. We are not prepared to follow the *Lopez* dicta that a nonindigent defendant is entitled, as of right, to a *free* transcript at the new trial stage of the case. On the record before us we cannot say that the trial court erred in denying the request as made.

### III

■ Defendant contends that he received inadequate representation at the trial. We have examined the matters put forth in support of that contention. We cannot say that they show anything other than legitimate tactical decisions by counsel. It does not appear that the trial was reduced to a sham.

### IV

■ As set forth above, defendant was convicted of, and sentenced on, all three counts. However, the aggravated assault charged and proved was no more than the kind of violence typical of robbery and of rape. As such, it was a mere part of those crimes. Section 654 of the Penal Code prohibits a double conviction under those circumstances.

The judgment is modified by striking the judgment of conviction on count III (the assault charge); as so modified it is affirmed.

Dunn, J., and Jefferson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1976.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council. .