[Crim. No. 7951. Fourth Dist., Div. Two. Feb. 7, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES EDWARD YEATS, Defendant and Appellant.

**COUNSEL**

Stanley P. Berg, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARDNER, P. J.**—The defendant was convicted by a jury of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245.) He appeals from the ensuing judgment (state prison sentence). (Pen. Code, § 1237.) The main issue presented is whether the crime of battery (Pen. Code, § 242) is included within the offense charged (Pen. Code, § 245). Although the issue is not one of first impression, there is a conflict in the authorities which we hope may finally be laid to rest.

Defendant had been living with Pauline. One evening he became angry and began to beat her with an 18-inch length of lead pipe. She suffered numerous injuries, including two broken arms, a broken wrist, and a broken finger. One ear was nearly torn off. One of Pauline's legs was so severely bruised that, had it not been treated, amputation might have been required. The beating lasted for one or two hours. Defendant completely denied that he had beaten Pauline.

A jury instruction on the offense of battery was requested by defendant but refused by the trial judge. Defendant asserts that this constituted prejudicial error because battery was an included offense.

A trial court must instruct the jury on necessarily included offenses, even if no request has been made, whenever the evidence raises a question whether all the elements of the charged offense are present. (*People* v. *Sedeno,* 10 Cal.3d 703, 715-716 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Hood,* 1 Cal.3d 444, 450 [82 Cal.Rptr. 618, 462 P.2d 370].)

An offense may be a necessarily included offense in either of two ways. "First, where one offense cannot be committed without committing another offense, the latter offense is a necessarily included offense.

[Citation.] Second, a lesser offense is necessarily included if it is within the offense specifically charged in the accusatory pleading, as distinguished from the statutory definition of the crime. [Citations.]" (*People* v. *St. Martin,* 1 Cal.3d 524, 536 [83 Cal.Rptr. 166, 463 P.2d 390].) The first test focuses on the elements contained in the statutory definitions of the two crimes; the second focuses on the allegations of the indictment or information.

In the case at bench the information used the statutory language to allege the offense committed. Therefore both of the above-mentioned tests involve the same inquiry and yield the same result.

"A battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Pen. Code, § 240.) Thus an assault is an attempt to commit a battery coupled with the present ability to do so. (*In re James M.,* 9 Cal.3d 517, 521-522 [108 Cal.Rptr. 89, 510 P.2d 33].)

Every completed battery includes an assault, but if the assailant does not go beyond the attempted use of force or violence, then assault has been committed without battery. It follows, therefore, that while simple assault is an offense included within battery, battery is not included within assault.

Where the assault is committed with a deadly weapon, or with force likely to produce great bodily injury, the aggravated assault is complete upon the attempted use of the force. If halted at this point, no battery has been committed. Since assault with force likely to produce great bodily injury may be committed without committing battery, battery is not an offense necessarily included within assault by means of force likely to produce great bodily injury.

The conclusion just reached is not only compelled by logic, it is supported by the overwhelming weight of authority (e.g., *People* v. *Fuller,* 53 Cal.App.3d 417, 422 [125 Cal.Rptr. 837]; *People* v. *Lathus,* 35 Cal.App.3d 466, 471 [110 Cal.Rptr. 921]; *People* v. *Rupert,* 20 Cal.App.3d 961, 967, fn. 1 [98 Cal.Rptr. 203]; *People* v. *Samuels,* 250 Cal.App.2d 501, 515 [58 Cal.Rptr. 439]; *People* v. *Muir,* 244 Cal.App.2d 598, 603, fn. 4 [53 Cal.Rptr. 398]; *People* v. *Mueller,* 147 Cal.App.2d 233, 238 [305 P.2d

178]; *People* v. *McCaffrey,* 118 Cal.App.2d 611, 619 [258 P.2d 557]), including a direct holding by our Supreme Court (*People* v. *Helbing,* 61 Cal. 620, 621-622).[1]

Defendant relies upon *People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391]. Without logic or authority, *Fuentes* asserts that battery is an offense necessarily included within assault by means of force likely to produce great bodily injury. (*Id.,* at p. 742.)

*Fuentes* was an opinion of the Fourth Appellate District at a time when that district included what is now the Fifth Appellate District, as well as both divisions of the present. Fourth Appellate District. To the extent, therefore, that *Fuentes* may be considered an opinion of this court, we admit our error and disapprove it. To the extent that *Fuentes* is an opinion of another court, we decline to follow it. ▮ Battery is not an offense included within the offense of assault by means of force likely to produce great bodily injury, and consequently the trial judge in the case at bench did not err in refusing to give the requested instruction on battery.

▮ Defendant's remaining contention is that the court committed error in not instructing *sua sponte* on simple assault. (Pen. Code, § 240.) ▮ It is true that simple assault is included within the offense of assault by means of force likely to produce great bodily injury. (See *People* v. *Rupert, supra,* 20 Cal.App.3d 961, 968.) However, it is equally true that "the trial court may properly refuse to instruct upon simple assault where the evidence is such as to make it clear that if the defendant is guilty at all, he is guilty of the higher offense." (*People* v. *McCoy,* 25 Cal.2d 177, 187-188 [153 P.2d 315]; see also *People* v. *Cabral,* 51 Cal.App.3d 707, 713 [124 Cal.Rptr. 418]; *People* v. *Fleig,* 253 Cal.App.2d 634, 642 [61 Cal.Rptr. 397].) This is especially true where the defense, as here, is that the defendant did not commit the assault. (*People* v. *Groce,* 18 Cal.App.3d 292, 295 [95 Cal.Rptr. 688].)

▮ In the case at bench the jury had only two alternatives from which to choose. Either defendant did not assault Pauline, or he assaulted her with an 18-inch length of lead pipe and inflicted the dreadful injuries previously described. Accepting the latter alternative,

---

[1]Some of the cited cases involve assault with a deadly weapon rather than assault by means of force likely to produce great bodily injury. These two forms of aggravated assault are both defined by subdivision (a) of Penal Code section 245. For purposes of our analysis, they are not distinguishable offenses.

the jury could not have returned a verdict of simple assault. There was no error committed in the refusal of the trial court to instruct *sua sponte* on simple assault.

Judgment affirmed.

McDaniel, J., and Morris, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 7, 1977.