[Crim. No. 32036. Second Dist., Div. Four. Nov. 21, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHANIEL ADIL AMIN, Defendant and Appellant.

**COUNSEL**

Quin Denvir and Paul Halvonik, State Public Defenders, under appointment by the Court of Appeal, Charles M. Sevilla, Chief State Public Defender, Aurelio Munoz and Nancy Ann Stoner, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Joyce L. Kennard, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with: (count I) robbery, in violation of section 211 of the Penal Code; and (count II) assault with a deadly weapon, in violation of subdivision (a) of section 245 of the Penal Code. After a trial by the court, trial by jury having been duly waived, defendant was found guilty of robbery in the second degree and of assault by means likely to produce great bodily injury, and with a deadly weapon. He was sentenced to state prison on the robbery count and to one year in the county jail on the assault count, the sentence of the assault count being stayed under the *Niles* formula (*People* v. *Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11]). Defendant has appealed; we affirm.

The evidence for the People showed that defendant and another man had attacked an elderly man as he was returning to his room, hitting him in the face with a broken wine bottle and taking his property. Defendant was arrested after a chase.

On this appeal, defendant does not challenge the sufficiency of the evidence to sustain the findings of guilt on both counts. ■ His single contention here is that:

"APPELLANT'S ASSAULT CONVICTION IN COUNT 2 MUST BE REVERSED AS IT CONSTITUTES A DOUBLE CONVICTION FOR AN OFFENSE WHICH WAS NECESSARILY INCLUDED WITHIN HIS ROBBERY CONVICTION"

In support of that contention, defendant relies primarily on our opinion in *People* v. *Westbrook* (1976) 57 Cal.App.3d 260 [129 Cal.Rptr. 143]. The portion of that opinion pertinent to this appeal consisted of one short paragraph,[1] merely announcing our conclusion but without reasoning or analysis of the problem. In light of that fact, we deem it appropriate to consider the issue anew and more fully.

Robbery was defined in former section 211 of the Penal Code as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

The definition of robbery in the second degree, of which defendant was convicted, is found in former section 211a of that code, which section reads as follows: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon, and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree."

From the language of those two sections, it would appear that robbery in the second degree may be accomplished by means not involving the use of a weapon at all, but by physical force or by putting the victim in fear by means not involving even an assault or attempt to assault.

---

[1] We said: "As set forth above, defendant was convicted of, and sentenced on, all three counts. However, the aggravated assault charged and proved was no more than the kind of violence typical of robbery and of rape. As such, it was a mere part of those crimes. Section 654 of the Penal Code prohibits a double conviction under those circumstances."

We need not, in this case, determine whether, under some circumstances, assault with a deadly weapon is an included offense where there is a conviction of robbery in the first degree, charged as such. In *People* v. *Sutton* (1973) 35 Cal.App.3d 264, 271 [110 Cal.Rptr. 635], the court assumed that it could be an included offense, but affirmed a conviction on the ground that the evidence in that case showed a vicious assault not motivated by a desire to accomplish a robbery but for other reasons not connected with the robbery itself. In *People* v. *Guerin* (1972) 22 Cal.App.3d 775 [99 Cal.Rptr. 573], on which *Sutton* relied, we held that no robbery could be found as to alleged victims, but said (at pp. 782-783): "That does not mean that defendant cannot be punished, on this record, for his conduct with reference to Hassan and Simon. Assault with a deadly weapon is an offense included within the crime of robbery in the first degree. All of the elements of that 'lesser' offense were charged and proved. We reduced the convictions as to those two victims to violations of subdivision (a) of section 245 of the Penal Code."

Again, as in *Westbrook*, that statement was made without an analysis of the problem and we reject it as binding authority. In *People* v. *Logan* (1953) 41 Cal.2d 279 [260 P.2d 20], the Supreme Court reversed a conviction of assault with a deadly weapon in a robbery case, not on the ground of its being an included offense but on the ground that the double conviction violated the proscription of section 654. That decision preceded, by many years, the approval by the Supreme Court in *In re Wright* (1967) 65 Cal.2d 650, 654, footnote 4 [56 Cal.Rptr. 110, 422 P.2d 998], of the *Niles* formula as the more appropriate method of dealing with the double punishment problem; it can no longer be regarded as authority for the result which defendant here seeks.

Contrary to our brief statements in *Guerin* and in *Westbrook*, stands the decision in *Higgins* v. *Superior Court* (1960) 185 Cal.App.2d 37 [7 Cal.Rptr. 771], holding squarely that assault with a deadly weapon was *not* an offense included within a charge of robbery, saying (at p. 39): "Convictions may be had for more than one offense committed by means of a single act or series of acts, where there is an element of one crime not found in the other and where in a prosecution for either one of the offenses there could not have been a conviction of the other. The two felonies, robbery and assault by means of force likely to produce great bodily injury, have different essential elements and are separate and distinct offenses. Neither offense is included within the other and petitioner, in a prosecution for one of the offenses could not have been convicted of the other. . . ."

Our conclusion, after considering all of the above cases, is that as applied to this case, *Higgins* was correct and that defendant was properly found guilty on both counts. Because the robbery and the assault were parts of the same episode, the result reached by the trial court—namely, a stay in accordance with *Niles*—was proper.

The judgment is affirmed.

Files, P. J., and Alarcon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1979.