[Crim. No. 38589. Second Dist., Div. Three. Oct. 27, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE MATTHEW VAUGHN, JR., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Robert Scarlett, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Dale H. Speck, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**POTTER, Acting P. J.**—Defendant Eddie Vaughn, Jr., appeals from the judgment of conviction of lewd and lascivious conduct with a seven-year-old child (Pen. Code, § 288). Defendant's first trial on this charge resulted in a hung jury and mistrial. Because a timely defense request for a transcript of the complaining witness' testimony at the first trial was denied, we must reverse the conviction.

On June 7, 1979, at defendant's arraignment, the superior court appointed the public defender to represent defendant.[1] On March 11, 1980, the jury trial began. On March 21, after four days of jury deliberation, the superior court declared a mistrial because the jury was "hopelessly deadlocked." A new trial date was set for April 24.

On March 28, the deputy public defender requested a transcript of the trial testimony of the complaining witness. The People objected solely on the grounds that (1) the transcript was unnecessary because "[h]er testimony was recorded at the preliminary hearing," and (2) preparation of the transcript "may amount to cause for delay of the trial"; defendant's continued indigency status was not questioned. The court summarily denied the motion. The deputy public defender argued that a transcript of the child's testimony was essential for proper preparation and for the trier of fact to assess the complaining witness' credibility, particularly in a "case of this nature," where her credibility was "extremely important." Counsel pointed out her trial testimony had been "inconsistent" with her preliminary hearing testimony and she might make further statements at the second trial which would be inconsistent with her previous trial testimony. He further stated that since he was seeking only a partial transcript, he did not believe its preparation would interfere with the April retrial date and the cost was

---

[1]That same deputy public defender had represented defendant in the preliminary hearing in the municipal court.

minimal. Following the defense argument, the court reiterated its denial of the motion without stating any reasons.

Subsequently, defendant waived jury trial and was tried by the court. During the court trial, the child testified that defendant, her pastor, had inserted his penis halfway into her vagina on four separate days, but she was impeached by her prior preliminary hearing testimony that he never put his penis inside of her. Moreover, her second trial testimony that her mother and defendant's wife had discovered her in bed with defendant was inconsistent with her preliminary hearing testimony that no one entered the room. After a two-day court trial, defendant was found guilty. This appeal followed.

*Partial Transcript Improperly Denied*

Defendant contends, and we agree, that "the unwarranted denial of defense counsel's timely motion for a critical portion of the transcript of the first trial constitutes reversible error per se."

In *People* v. *Hosner* (1975) 15 Cal.3d 60, 64 [123 Cal.Rptr. 381, 538 P.2d 1141], our Supreme Court unanimously held that "... the mere facts of a defendant's indigency and his timely motion for a transcript of prior proceedings entitle him prima facie to the requested transcript." "[U]nless, at the hearing on that motion, the prosecution [is] able to overcome the presumptions of defendant's particularized need for the transcript and of the unavailability of adequate alternative devices" (*id.*, at p. 66), denial of the request for a transcript of a prior trial "requires automatic reversal" (*id.*, at p. 70).

The presumptions of entitlement were not overcome here. The only prosecution arguments advanced in the superior court were the fact the witness' testimony at the preliminary hearing was recorded and the possibility of delay. These reasons were insufficient. If the mere availability of a preliminary hearing transcript were an "adequate alternative," the court could deny a trial transcript in all felony cases. In *Roberts* v. *LaVallee* (1967) 389 U.S. 40 [19 L.Ed.2d 41, 88 S.Ct. 194], the United States Supreme Court held that an indigent had a constitutional right to a transcript of his preliminary hearing. The subsequent holdings by our California Supreme Court in *Shuford* v. *Superior Court* (1974) 11 Cal.3d 903 [114 Cal.Rptr. 601, 523 P.2d 641], and *People* v. *Hosner, supra,* 15 Cal.3d 60, that a transcript of an earlier mistrial was also constitutionally mandated constituted implicit holdings that the prelimi-

nary hearing transcript was an inadequate alternative device. Moreover, as the deputy public defender pointed out, a transcript of the child's testimony, in order to impeach her, was particularly necessary in a case of this nature where her credibility was the crucial issue and she had made conflicting statements at the two prior proceedings (the preliminary examination and the first trial).

Furthermore, the request for the partial transcript was timely. It was made within one week of the mistrial and over three weeks before the date set for retrial. Since the child's testimony covered less than two days' time, there apparently was enough time to prepare the transcript. The court did not find that undue delay would result from the transcription process. In any event, such a delay would not constitute good cause to deny a timely motion.

■ On appeal, the People neither contest the timeliness of the motion nor the need for a transcript. Instead, they contend that defendant cannot obtain a reversal because he (1) "did not contest the order ... either before or during the retrial," and (2) failed to show that he was indigent.

Contrary to the People's claim, the issue of the denial of the motion was properly preserved for appellate review. There is no requirement that after a court has denied a defense motion for a transcript the defendant must move for reconsideration, renew the motion or seek extraordinary relief by writ. In *Hosner*, as here, the issue was raised on direct appeal from the conviction.

■ Nor is there any merit to the People's claim, raised for the first time on appeal, that the motion was properly denied because defendant failed to show he was indigent. The superior court appointed the public defender to represent defendant. Indigence is a qualification required for representation by the public defender.[2] (*People* v. *Johnson* (1970) 5 Cal.App.3d 851, 862 [85 Cal.Rptr. 485]; *People* v. *Ferry* (1965) 237 Cal.App.2d 880, 886 [47 Cal.Rptr. 324].) Penal Code section 859 provides that "the court shall assign counsel to defend" a defendant if the defendant "is unable to employ counsel." Government Code section 27706 provides that "upon order of the court, the public defender shall

---

[2]While Penal Code section 987.8 provides for hearings after the time of trial to assess a defendant who is represented by a public defender the cost of representation if the court believes the defendant is now financially able to pay such costs, no such hearing was held after either of defendant's two trials.

defend ... any person who is not financially able to employ counsel ...." Government Code section 27707 provides that the court makes the final determination as to whether a defendant is financially eligible for the public defender's services. (*Spruance* v. *Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799 [119 Cal.Rptr. 841, 523 P.2d 1209].) Indeed, in *Shuford* v. *Superior Court, supra,* 11 Cal.3d at page 906, our Supreme Court expressly equated the required showing of indigency to obtain a free transcript with representation by the public defender's office, by stating that "a free transcript would have been provided petitioner had he been represented by the public defender." It is therefore apparent that where, as here, a defendant is represented by a court-appointed public defender, he is deemed indigent unless such status is challenged.[3] No such challenge was made. Accordingly, because of the unwarranted denial of his request for a transcript, defendant's conviction is reversed and the cause remanded for further proceedings consistent with this opinion.

Cobey, J., and Lui, J., concurred.

---

[3]The People's reliance on *People* v. *Westbrook* (1976) 57 Cal.App.3d 260 [129 Cal.Rptr. 143], and *People* v. *Straiten* (1977) 71 Cal.App.3d 526 [139 Cal.Rptr. 414], for the proposition that defendant had to make a special showing of indigency is misplaced. In both of those cases, the defendant was represented by private counsel.