[No. G002474. Fourth Dist., Div. Three. Mar. 25, 1985.]

TERRY DAVIS, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DEPARTMENT OF SOCIAL SERVICES, Real Party in Interest.

COUNSEL

Ronald Y. Butler, Public Defender, William J. Kopeny, Assistant Public Defender, Richard Aronson and Richard Schwartzberg, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Adrian Kuyper, County Counsel, and Susan Strom, Deputy County Counsel, for Real Party in Interest.

OPINION

**TROTTER, P. J.**—Petitioner seeks a writ of mandate compelling the Orange County Superior Court, sitting as the juvenile court, to vacate its order denying his request for a transcript of a court proceeding pertaining to the dependency status of his daughter. He claims he has a statutory right to obtain a copy of the transcript. We agree and issue a writ.

I.

On November 20, 1984, the Department of Social Services (DSS) filed a petition under Welfare and Institutions Code section 300, subdivisions (a)

and (d),[1] to have petitioner's nine-year-old daughter declared a dependent of the Orange County Superior Court. It alleged the minor child had been repeatedly sexually and physically abused by her father. Contemporaneously therewith, a complaint charged petitioner with multiple violations of Penal Code sections 288, subdivision (a) and 261, subdivision (2).

On January 4, 1985, the petition was amended to limit the allegations to one incident of sexual abuse. According to the amended petition, the child's home was "an unfit place for her by reason of the . . . cruelty, depravity and physical abuse of her father in that . . . on or about November 15, 1984, the minor's father sexually abused her in that he forced her to submit to sexual intercourse; . . . ." At a jurisdictional hearing held the same day, the court received testimony from the child, dismissed the original petition, found the allegations of the amended petition to be true, and declared the minor a dependent of the court pursuant to section 300, subdivision (d). The matter was continued to January 7th.

Petitioner's counsel thereafter requested a copy of the transcript of the January 4th and January 7th hearings.[2] At an in-chambers conference on January 24th, she argued the transcript was needed for petitioner's criminal matter "due to [the child's] inconsistent statements internally on the stand, and also inconsistent with police reports we have."[3] Deputy county counsel opposed the release of transcripts for the purpose of discovery, claiming: "Certainly in a criminal matter this would violate the spirit of confidentiality of juvenile court proceedings, as well as release of transcript for the dispositional hearing." The request was denied,[4] and this writ petition followed.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]It appears from the record the public defender initially made an oral request for the transcript but was told she was required to file a written noticed motion. Thus, an application was lodged with the court, requesting "preparation of the transcript from the hearing dates January 4, 1985 and January 7, 1985, in order to prepare for the dispositional hearing scheduled for January 30, 1985. The defendant is indigent by virtue of his incarceration in Orange County Jail, and his lack of financial resources and requests the transcript be prepared at the court's expense."

[3]Petitioner's writ application states "[t]he minor testified [at the January 4th hearing] to one of the same alleged incidents of sexual misconduct that are the basis of the pending criminal proceeding." The record does not reflect what transpired at the January 7th hearing.

[4]The court, having been presented with a copy of this court's unpublished opinion in a case involving the same issue, stated: "[C]ounsel . . . gave me an unpublished opinion by the appellate court, which I disagreed with. There is no authority cited. The motion will be denied, especially insofar as the dispositional hearing is concerned." By this opinion we intend to clarify any confusion as to the mandatory nature of section 347. And, because we reach the same result as in our prior opinion, we need not address the parties' contentions concerning petitioner's right to rely on a prior unpublished opinion. (See Cal. Rules of Court, rule 977.)

## II.

█ Section 347 provides, in pertinent part: "At any juvenile court hearing conducted by a juvenile court judge, an official court reporter shall, and at any such hearing conducted by a juvenile court referee, the official reporter, as directed by the court, may take down in shorthand all the testimony and all of the statements and remarks of the judge and all persons appearing at the hearing; and, if directed by the judge, *or requested by the person on whose behalf the petition was brought, or by his parent or legal guardian, or the attorneys of such persons,* he must, within such reasonable time after the hearing of the petition as the court may designate, write out the same or such specific portions thereof as may be requested in plain and legible longhand or by typewriter or other printing machine and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court . . . ." (Italics added.) Petitioner contends this statute *mandates* he be given a copy of the transcript. We agree.

There is no merit to the DSS' argument section 245.5[5] authorizes the juvenile court to *limit* a parent's access to a transcript of a dependency hearing or use of the transcript. The power granted by section 245.5 is "in addition to all other powers," and the specific language of section 347 takes precedence over its general language. (See Code Civ. Proc., § 1859.)[6]

Nor are we persuaded by the DSS' contention *use* of the transcript in petitioner's criminal action will vitiate the confidentiality of the juvenile hearing. While mindful of the fact juvenile court proceedings are confidential in nature (§ 346;[7] see also *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 778 [94 Cal.Rptr. 813, 484 P.2d 981]), we are not aware of any

---

[5]Section 245.5 provides: "In addition to all other powers granted by law, the juvenile court may direct all such orders to the parent, parents, or guardian of a minor who is subject to any proceedings under this chapter as the court deems necessary and proper for the best interests of or of the rehabilitation of the minor."

[6]Curiously, the DSS contends section 347 is not even applicable here. First, it claims the statute does not require the reporter to "turn over the transcripts to the parents"; rather, it says the reporter is merely required to transcribe the proceedings and "file the same with the clerk of the court." Further, it contends the statute applies only to hearings before "referees," not court commissioners. Thus, because a commissioner presided at the January 4th hearing, it argues petitioner is not entitled to a transcript. Both arguments are tenuous at best and deserve no further discussion.

[7]Section 346 provides: "Unless requested by a parent or guardian and consented to or requested by the minor concerning whom the petition has been filed, the public shall not be admitted to a juvenile court hearing. The judge or referee may nevertheless admit such persons as he deems to have a direct and legitimate interest in the particular case or the work of the court."

authority which abrogates petitioner's statutory right to *obtain* a copy of the transcript.[8]

Section 347 does not require the party requesting a reporter's transcript to state the reason for the request. Nor does it restrict in any way the manner in which the transcript may be used. Petitioner, the parent of the person on whose behalf the petition was brought, has an *absolute* right to obtain a copy. All that is required is advance payment for the transcription of the reporter's notes. Here, however, petitioner is entitled to the transcript at no cost. He is deemed indigent by virtue of his representation by the public defender (*People* v. *Vaughn* (1981) 124 Cal.App.3d 1041, 1045 [177 Cal.Rptr. 773]) and is therefore entitled to a transcript at public expense. (See *Eyrich* v. *Municipal Court* (1985) 165 Cal.App.3d 1138 [212 Cal.Rptr. 811] and *Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041, 1051-1053 [192 Cal.Rptr. 341].)[9]

Let a peremptory writ of mandate issue directing the juvenile court to provide to the public defender, on behalf of petitioner, transcripts of the January 4 and 7, 1985 dependency status proceedings, at no cost to petitioner.

Crosby, J., and Wallin, J., concurred.

---

[8]Although the petition purports to seek relief in both the juvenile and criminal proceedings, i.e., it also requests a writ of prohibition permanently restraining the trial court from taking any further action against petitioner in the criminal action, the only issue before us is the propriety of the juvenile court's refusal to provide petitioner with a copy of the transcript. The court has not ruled with respect to either production or admissibility of the juvenile court transcript in the criminal action; thus, our holding is limited to petitioner's right to obtain the transcript.

[9]We note petitioner was provided with a copy of the transcript of the January 24th in-chambers conference at no cost, the court stating: "I think that if he has the public defender he is practically indigent. I think *Andrus* would probably indicate he would be, so I will order it."