[No. B007494. Second Dist., Div. Three. June 28, 1985.]

In re ROY C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ROY C., Defendant and Appellant.

COUNSEL

Andrew E. Rubin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**LUI, Acting P. J.**—The minor, appellant Roy C., appeals from the order continuing him as a ward of the juvenile court (Welf. & Inst. Code, § 602) following a finding that he committed an assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)). We determine that the juvenile court erred in allowing the People to amend the petition after the close of the People's case-in-chief to charge a crime which was not a necessarily included offense to the offenses charged in the petition. Such amendment made without adequate notice to appellant violates the holding of our Supreme Court in *In re Robert G.* (1982) 31 Cal.3d 437 [182 Cal.Rptr. 644, 644 P.2d 837], and we must reverse. (*Auto Equity Sales* v.

*Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

### Factual and Procedural Background

Appellant was charged in a petition filed July 2, 1984, with having committed robbery and battery (Pen. Code, §§ 211, 242).[1] At the adjudication hearing concluded on July 18, 1984, evidence was presented that on May 29, 1984, 17-year-old Joel G. was waiting for a bus when Arnold H. requested that he accompany him behind a gas station to "hold his zigzags for him." Approximately 10 of Arnold's friends, including appellant, were waiting behind the gas station. As Joel held a "zigzag" for Arnold to fill with marijuana, appellant struck Joel on the right ear with a closed fist, knocking him down. Appellant then kicked Joel several times in the stomach and, when Joel stood up, appellant struck him again in the face. One of appellant's companions tried unsuccessfully to remove Joel's wallet from his hip pocket. Another youth snatched a gold chain and medallion from Joel's neck. Appellant and his companions then boarded a bus and left the location. Joel saw appellant at San Fernando High School two days later and asked him to return his gold chain. Appellant said, "I don't have it. Go ask somebody else. I don't know nothing. Don't come to me."

At the conclusion of the People's case-in-chief, appellant moved to dismiss the robbery count, arguing a lack of sufficient evidence to support the charge as to appellant. The court denied the motion to dismiss and stated that it "would allow the prosecution to amend, to conform to the proof" an additional count alleging a violation of section 245, subdivision (a). The petition was so amended over the objection of appellant's attorney who stated to the court that he was "not prepared to proceed on a 245."

Immediately thereafter, and without any discussion of a continuance, the court indicated to appellant's counsel that the defense may proceed. Appellant and Arnold H. testified on defense that appellant was a mere bystander as three other youths attacked Joel G. Upon conclusion of testimony and argument, the court sustained the allegation that the minor committed assault by means of force likely to produce great bodily injury (§ 245, subd. (a)) and found the allegation that appellant had committed robbery untrue (§ 211). The battery charge (§ 242) was dismissed as "it's a same crime and . . . included . . . in [the assault]."

### Discussion

Appellant's contention that the court erred in amending the petition to allege a violation of section 245, subdivision (a), is meritorious. An

---

[1]All subsequent references shall be to the Penal Code unless otherwise indicated.

assault by means of force likely to produce great bodily injury is not an offense necessarily included within the crimes of battery or robbery, the offenses with which appellant was originally charged in the petition filed on July 2, 1984. (Cf. *People v. Yeats* (1977) 66 Cal.App.3d 874, 878 [136 Cal.Rptr. 243]; *People v. Amin* (1978) 88 Cal.App.3d 637, 640 [152 Cal.Rptr. 9].) Furthermore, the elements of the felonious assault were not expressly pleaded in the petition filed on July 2, 1984, and appellant did not receive adequate notice of the assault charge sufficient to comport with due process. (*In re Robert G.* (1982) 31 Cal.3d 437, 440-445 [182 Cal.Rptr. 644, 644 P.2d 837]; *People v. Lohbauer* (1981) 29 Cal.3d 364, 368-373 [173 Cal.Rptr. 453, 627 P.2d 183].) The only notice of the amendment occurred at the conclusion of the People's case-in-chief; and appellant's counsel was "not prepared to proceed on a 245." Furthermore, no continuance was offered to prevent prejudice to appellant.

The situation presented in this appeal is on "all fours" with our Supreme Court's decision in *In re Robert G., supra.* In *Robert G.,* the minor was declared a ward of the juvenile court based on the finding that he had committed a battery (§ 242). The petition alleged that the minor had committed an assault with a deadly weapon, a rock (§ 245, subd. (a)). Although the juvenile court agreed with the minor that the small rock he had thrown could not be a deadly weapon, it denied his motion for acquittal. The juvenile court also acknowledged that battery was not a lesser offense necessarily included within the assault with a deadly weapon charge, but it nevertheless permitted amendment of the petition to conform to the evidence presented during the adjudication hearing and sustained it as so amended.

Our Supreme Court in *Robert G.* reversed the finding of wardship and held that a petition filed pursuant to Welfare and Institutions Code section 602 may not be sustained on findings that the minor had committed an offense or offenses other than those specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge. The unanimous opinion authored by Justice Richardson states: "In [*People v.*] *Lohbauer* [(1981) 29 Cal.3d 364] we reversed an adult criminal defendant's conviction of trespass (Pen. Code, § 602.5) on an information which charged him with burglary (*id.,* § 459). We noted that ' "When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]" (*People v. West* (1970) 3 Cal.3d 595, 612 . . . .)' (*Lohbauer, supra,* 29 Cal.3d at p. 368.)

"We explained further in *Lohbauer* that the notice required by due process is given, with respect to lesser offenses, *either* 'when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense' (*Lohbauer, supra,* 29 Cal.3d at pp. 368-369; see *West, supra,* 3 Cal.3d at p. 612 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456]), *or* when 'the lesser offense is "necessarily included" within the statutory definition of the charged offense . . . .' (*Lohbauer, supra,* at p. 369; see Pen. Code, § 1159.) . . . . [Italics in original.]

". . . . . . . . . . . . . . . . . . . . . . . .

"The People urge, however, that because appellant is a juvenile, different rules apply. They note that Welfare and Institutions Code section 678 provides for the application to juvenile court proceedings of the liberal rules relating to variance and amendment of pleadings set forth in the Code of Civil Procedure. Drawing upon this statute, they argue that the juvenile court has authority to permit the amendment of the accusatory pleading to conform to the proof so long as the juvenile has not been misled to his prejudice in maintaining his defense. (See Code Civ. Proc., §§ 469, 470.) Under the present circumstances, the People conclude, no such prejudice occurred.

"We cannot agree. In *Lohbauer* we rejected a strikingly similar contention that any variance between an offense charged and a lesser offense of which a defendant is convicted should be deemed immaterial unless it could be shown that ' "the defendant was misled to his prejudice and prevented from preparing an effective defense." ' (*Lohbauer, supra,* 29 Cal.3d at pp. 369-370.) We first noted that statutory authorization for convicting a defendant of a 'necessarily included' offense had uniformly required application of the *Pendleton* test. (*Id.,* at p. 370; see Pen. Code, § 1159.)

"Equally important to our rejection of a new standard for immaterial variances, however, were due process implications. We observed: '*It may be very difficult to ascertain from developments which occur during trial whether a defendant is "misled to his prejudice" and "prevented from preparing an effective defense." It may never be known with any confidence after a conviction what defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable.* [Italics added.] *Insisting that he be informed in the accusatory pleading of the charges against him, on the other hand, fully satisfies a well established fundamental of due process.*' (*Lohbauer, supra,* 29 Cal.3d at p. 370 [italics in original].)

"The foregoing concerns are no less relevant to juvenile court proceedings. '[D]ue process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. (*In re Gault* (1967) 387 U.S. 1, 33 . . . .)' (*In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' (*In re Gault, supra,* 387 U.S. at p. 33 [18 L.Ed.2d 527, at p. 549, 87 S.Ct. 1428].)

". . . . . . . . . . . . . . . . . . . . . .

"We carefully explained in *Arthur N.* the effect of the foregoing notice requirement upon the statutory authorization for applying rules of civil procedure to juvenile court matters (see Welf. & Inst. Code, § 678), as follows: 'In thus permitting amendments to conform to proof (Code Civ. Proc., §§ 470, 471) when the minor has not been misled in preparing his defense and will not be prejudiced thereby (Code Civ. Proc., § 469), the Legislature has demonstrated its intention to permit the court to sustain a petition if the evidence, while insufficient to establish that the minor committed the charged offense, is nonetheless adequate to prove *a lesser, included offense.*' (*Arthur N., supra,* 16 Cal.3d at pp. 233-234 [italics in original].) From our previous discussion of the issue in that case, it is clear that the italicized language referred to a 'necessarily included' offense. (*Id.,* at p. 233.) Thus, in *Arthur N.,* the rules permitting liberal amendment in civil matters to cure immaterial variances were reconciled with the requirements of due process of law in juvenile proceedings. The limitation there imposed upon the former represents a reasonable accommodation to the demands of the latter." (*In re Robert G., supra,* 31 Cal.3d at pp. 440-443.)

In *Robert G.,* the minor moved for acquittal on the grounds that the People's evidence did not show a deadly weapon as charged. While the court agreed with the minor that the rock could not be a deadly weapon, the court denied the motion for acquittal. When the minor rested his case without presenting evidence, the prosecution requested that the court sustain the petition on another sentence, namely, battery.

Respondent argues that the instant case is distinguishable from *Robert·G.* because the petition was duly amended at the close of the People's case-in-chief prior to any defense proffered by appellant. This argument lacks merit because the prejudice to appellant had already attached because of the lack of adequate notice of the new charge, whether or not a defense was pre-

sented or regardless of the nature of such defense. For example, given adequate time appellant could have developed a defense that the attack was not felonious in nature because it was not an assault which would likely lead to great bodily injury.

It is fundamental that a defendant may rest his case without presenting evidence and move for an acquittal on grounds that the People had not presented sufficient evidence to sustain the charges filed. (See *People* v. *Townsend* (1971) 20 Cal.App.3d 919, 923-924 [98 Cal.Rptr. 8] and CALJIC No. 2.61 (4th ed. 1979).) When the juvenile court denied the motion for an acquittal in the instant case and allowed the People to amend the petition to include an additional charge which was not necessarily included in the offenses contained in the petition, the appellant was faced with a Hobson's choice:[2] (1) present no defense, risk being continued in custody at juvenile hall on a sustained petition and appeal the court's ruling based on the decision in *Robert G.* (which would have mandated certain reversal); or, (2) give up the right to a speedy trial, move for a continuance and prepare a defense to meet the new charges; or, (3) give up the due process right to receive adequate notice of the new charge filed, present whatever defense counsel could make given the time allowed and submit the matter to the court for decision. Given this dilemma, we cannot conclude that the minor's decision to proceed with the defense of the case could be construed as a waiver of his right to appeal the violation of his due process right to receive adequate notice of the amended charge. The holding in *Robert G.* mandates reversal because prejudice must be presumed since we cannot speculate what " 'defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable.' " (*In re Robert G., supra,* 31 Cal.3d at p. 442.)

### DISPOSITION

The order continuing wardship is reversed.

**DANIELSON, J.**—██ I concur in the opinion and decision in the light of *In re Robert G.* (1982) 31 Cal.3d 437 [182 Cal.Rptr. 644, 644 P.2d 837], and the doctrine of stare decisis.

**ARABIAN, J.**—I respectfully dissent.

---

[2]For instance, a criminal defendant may often be faced with the dilemma of choosing between Fourth and Fifth Amendment rights. (See *Simmons* v. *United States* (1968) 390 U.S. 377, 389-393 [19 L.Ed.2d 1247, 1258, 88 S.Ct. 967].) Here the dilemma could have been easily avoided if the prosecution had more carefully pleaded and prepared the case prior to trial. The People's failure to plead what they could reasonably expect to prove should not fall upon appellant's shoulders to his detriment.

"If rogues did but know all the pains that the law has taken for their benefit, honest men would have nothing left they could call their own."[1]

Appellant relies on *In re Robert G.* (1982) 31 Cal.3d 437 [182 Cal.Rptr. 644, 644 P.2d 837], in contending the order of wardship must be reversed. He argues that inasmuch as an assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)) is not an offense with which appellant was originally charged, and is not an offense necessarily included within the charged crimes of battery (Pen. Code, § 242) or robbery (Pen. Code, § 211), he did not receive adequate notice of the felonious assault charge sufficient to comport with due process.

In *Robert G.* a minor was adjudicated a ward of the juvenile court (Welf. & Inst. Code, § 602) based on a finding that he had committed a battery in violation of Penal Code section 242. The petition, however, alleged that the minor had committed an assault with a deadly weapon, a rock, in violation of Penal Code section 245, subdivision (a). The juvenile court agreed that the small rock Robert G. had thrown could not be a deadly weapon and acknowledged that battery (Pen. Code, § 242) was not a lesser offense necessarily included within the assault with a deadly weapon charge (Pen. Code, § 245, subd. (a)), but it permitted amendment of the petition to conform to the evidence and sustained it as so amended.

The Supreme Court reversed, holding "that a wardship petition under § 602 may not be sustained upon findings that the minor has committed an offense or offenses other than the one specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on a substituted charge." (*In re Robert G., supra,* 31 Cal.3d at p. 445.)

The Court summarized its due process concerns as follows: " '[D]ue process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. [Citations.] Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' [Citation.]" (*In re Robert G., supra,* 31 Cal.3d at p. 442.)

In the instant case, although there was a technical departure from the notice requirements of *Robert G.,* appellant received adequate notice of the

---

[1] Jeremy Bentham, Rationale of Judicial Evidence, 6 Works, page 205.

charges against him before he was required to present his defense. In *Robert G.* the petition was amended after the defendant had rested without presenting evidence. (31 Cal.3d at pp. 439-440.) Here, after the petition was amended, appellant presented a full defense. His defense, based on his own testimony and that of Arnold H., was that he was merely a bystander who witnessed the events and that someone else hit and kicked the victim Joel. Not only was that defense of mistaken identity appropriate for all allegations of the petition, including the newly added felonious assault allegation, but even had appellant been charged with the offense before the hearing, he could not have presented a stronger defense than to say, "It was not I." As such, he was not misled, surprised,[2] nor prejudiced and we need not speculate as to his assertible defenses.

Moreover, following the People's case-in-chief, when the court indicated it was going to amend the petition to add the Penal Code section 245, subdivision (a), violation, appellant's counsel had the opportunity to, and did, argue that the charge should be dismissed because the evidence was insufficient to show the assault was made by means of force likely to produce great bodily injury.

I conclude, therefore, that because the petition was amended at the close of the prosecution's case, before appellant presented his defense, this case is clearly distinguishable from *In re Robert G.;* appellant was not denied due process of law.

I would affirm.

Respondent's petition for review by the Supreme Court was denied September 25, 1985. Mosk, J., Grodin, J., and Lucas, J., were of the opinion that the petition should be granted.

---

[2]After adding Code section 245, subdivision (a), to the petition as count III, the trial judge stated: "The court does find that these facts do not create a legal surprise, that these facts on which the 242 was based easily could have been admitted on the AGBI." !