Filed 4/23/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B287544 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. KA115341 |
| v. | |
| GILDARDO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gilbert M. Lopez, Judge. Affirmed as modified with directions.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

After snatching a woman's bag, defendant Gildardo Rodriguez was convicted of one count of second degree robbery and sentenced to nine years in prison. Defendant contends the court erred by ordering him to pay $1,185 to reimburse the county for his public defender without first evaluating his ability to pay. Although defendant failed to object below, we conclude the issue was not forfeited because defendant lacked the required notice. We modify the judgment to strike the attorney's fees order and affirm as modified.

## PROCEDURAL BACKGROUND[1]

By information filed September 13, 2017, defendant was charged with one count of second degree robbery (Pen. Code, § 211; count 1).[2] The information also alleged 10 prison priors (§ 667.5, subd. (b)).[3] He pled not guilty and denied the allegations.

After a bifurcated trial at which he did not testify, a jury convicted defendant of the sole charged count. Defendant waived jury trial on the prior-conviction allegations and admitted them.

The court sentenced defendant to an aggregate term of nine years in state prison—the middle term of three years for count 1 (§ 211) plus consecutive one-year terms for six of the prison priors (§ 667.5, subd. (b)). The court struck the remaining priors. The

---

[1] Because the facts of defendant's offense are not relevant to the issue on appeal, we limit our background discussion to the procedural history of the case.

[2] All undesignated statutory references are to the Penal Code.

[3] One of the prison priors was later stricken as duplicative.

court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and $1,185 in attorney's fees (§ 987.8), and imposed and stayed a $300 parole revocation restitution fine (§ 1202.45). Defendant was awarded 275 days of pretrial custody credit.

Defendant filed a timely notice of appeal and we appointed counsel to represent him. On July 12, 2018, appointed counsel filed a brief in which he raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 443.)

After reviewing the record and trial exhibits, we asked appellate counsel and the People to provide us with supplemental briefing on whether the court erred by ordering defendant to reimburse the county for attorney's fees without first evaluating his ability to pay.

## DISCUSSION

### 1. Section 987.8

Both the Sixth Amendment to the federal Constitution and article I, section 15, of the California Constitution require the state to provide indigent criminal defendants with attorneys free of charge. (*Gideon v. Wainwright* (1963) 372 U.S. 335; *In re Johnson* (1965) 62 Cal.2d 325, 329–330.)

Before the public defender's office is appointed as counsel, it must verify the defendant's indigence by assessing his income, expenses, debt, and other relevant financial data. (Gov. Code, § 27707.) The final determination of indigence is made by the court. (*Ibid.*; *People v. Vaughn* (1981) 124 Cal.App.3d 1041, 1046.) As such, public defender clients, all of whom have already been

financially evaluated and found indigent by the court, are legally entitled to a presumption of indigence for most purposes. (See, e.g., *Vaughn*, at pp. 1045–1046 [defendant, a public defender client, was entitled to a free trial transcript].)

But the Legislature has also recognized that a defendant's financial circumstances may change. Section 987.8, therefore, allows a court to order a defendant to reimburse the government for the cost of court-appointed counsel, medical and psychiatric experts, investigative services, and expert witnesses. (§ 987.8, subd. (c)(1).) Courts may impose such fees only on defendants who can pay them. (*Id.*, subd. (b).)

Before ordering a defendant to reimburse the government for these costs, the court must satisfy section 987.8's procedural requirements:

First, before the court appoints counsel to represent a defendant, it must notify him that he may be required to reimburse the government if—after notice and a hearing—it finds he has the ability to pay. (§ 987.8, subd. (f); see also *id.*, subd. (b).)

Second, after criminal proceedings are completed or counsel withdraws, the court may order reimbursement only after giving the defendant notice and an opportunity to be heard on the issue of his ability to pay. (§ 987.8, subds. (b), (d).) At this hearing, the defendant has the right to be heard in person (*id.*, subd. (e)(1)(A)), to present witnesses and documentary evidence (*id.*, subd. (e)(1)(B)), to confront and cross-examine adverse witnesses (*id.*, subd. (e)(1)(C)), to disclosure of evidence against him (*id.*, subd. (e)(1)(D)), and to a written statement of the court's findings (*id.*, subd. (e)(1)(E)).

In considering the defendant's ability to pay, the court may consider both the defendant's present financial position and his reasonably discernible financial position during the following six months. (§ 987.8, subd. (g)(2).) But there's an important exception: If the defendant is sentenced to prison or to county jail for more than 364 days, he "shall be determined not to have a reasonably discernible future financial ability to reimburse" defense costs "[u]nless the court finds unusual circumstances." (*Id.*, subd. (g)(2)(B).)

Put another way, there is "a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs." (*People v. Flores* (2003) 30 Cal.4th 1059, 1068 (*Flores*).) To rebut this presumption, there must be "unusual circumstances." (§ 978.8, subd. (g)(2)(B).) And the court "must make an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney." (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421; accord *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537.)

These procedural protections are not absolute, however. When a defendant receives constitutionally adequate notice, his failure to demand a hearing on his ability to pay forfeits the issue on appeal—at least when he is granted probation. (*People v. Aguilar* (2015) 60 Cal.4th 862 (*Aguilar*).) We are asked to decide whether, under *Aguilar*, a defendant's failure to object below forfeits an appellate challenge to a reimbursement order on ability-to-pay grounds even if he has not received the required notice.[4]

---

[4] Because we resolve this issue on notice grounds, we do not reach the question of whether, under *Aguilar*, a defendant sentenced to state

5

## 2.      Proceedings Below

Here, the court requested a presentence report from the probation department, but the probation department never filed one; it believed it had provided sufficient information in its June 2017 early disposition report. The early disposition report, in turn, did not mention attorney's fees.

The first time anyone raised the possibility that defendant might have to pay attorney's fees was when the court imposed them at sentencing alongside two mandatory fees: "ICNA fee of $30, Immediate Court Necessity Act, and as well as a court security fee of $40. And I'm assessing attorney's fees in the appropriate amount for the fine services of the public defender's office. That would be in the amount of $1,185."

The clerk then asked, "Any credits?" The court asked defense counsel for her calculation of defendant's pretrial custody credits.

Defense counsel did not object.

## 3.      Defendant did not forfeit his challenge under *Aguilar*.

The People contend defendant has forfeited his challenge to the reimbursement order. (*Aguilar*, *supra*, 60 Cal.4th 862.) They argue *Aguilar* holds that a defendant forfeits an appellate claim that he cannot pay for his court-appointed lawyer unless he objects to the order below—regardless of whether he has received the required notice. We do not read *Aguilar* so broadly.

*Aguilar* involved the imposition of probation-related costs under section 1203.1b and an order for reimbursement of

prison or more than 364 days in county jail must object to preserve a claim that he lacks the ability to pay attorney's fees.

appointed counsel fees under section 987.8. (*Aguilar*, *supra*, 60 Cal.4th at p. 864.) The sentencing court largely tracked the recommendations of the probation report when it ordered reimbursement, and defense counsel did not object. (*Id.* at pp. 867–868.)

The Supreme Court concluded that the defendant forfeited the argument he lacked the ability to pay these costs and fees, and that forfeiture was especially appropriate because the defendant had—and would continue to have—multiple opportunities to assert his indigence. (*Aguilar*, *supra*, 60 Cal.4th at p. 868.) Because he had received proper notice, the defendant could have objected at sentencing. (*Ibid.*) Then, the sentencing court told the defendant that he would be able to assert his inability to pay in subsequent proceedings before his probation officer. (*Ibid.*) Finally, because he was on formal probation, the defendant would have additional court appearances at which he could ask the court to modify its order on ability-to-pay grounds. (*Ibid.*)

Here, by contrast, defendant was not granted probation—he was sentenced to state prison. And because defendant was sentenced to state prison, he was presumed to be unable to pay attorney's fees and costs (§ 987.8, subd. (g)(2)(B))—an issue the *Aguilar* court did not address.

More importantly for our purposes, in *Aguilar*, the defendant received notice and the opportunity to request a hearing. (See *People v. Poindexter* (1989) 210 Cal.App.3d 803, 809 ["proceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing"].) In this case, on the other hand, defendant was not informed, before

7

sentencing, either that the court was considering ordering him to pay for his court-appointed attorney or that he had the right to a hearing to determine his ability to pay. The probation department did not prepare a presentence report, and its early disposition report did not mention attorney's fees.

Because defendant did not receive the required notice, his failure to object to the court's reimbursement order did not forfeit the claim that he cannot pay the fees assessed under section 987.8. (See *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1475–1476 [assuming no objection required where defendant provided with neither notice nor a hearing], abrogated on other grounds by Stats. 2016, ch. 534, § 1.)

### 4.    Remand is not required.

The People argue that if defendant preserved this claim, we should remand the matter for a hearing to determine his ability to pay attorney's fees and costs. We decline to do so.

First, although the People are correct that the Supreme Court's decision in *Flores* authorizes reviewing courts to remand for belated ability-to-pay hearings, *Flores* did not hold that remand was required. (*Flores*, *supra*, 30 Cal.4th 1059.)

Second, in *Flores*, there was some reason to believe remand would not be an idle act. According to the presentence report in that case, defendant was " 'stable and employed' " and possessed $1,500 worth of jewelry. (*Flores*, *supra*, 30 Cal.4th at pp. 1068–1069.) Because those facts indicated defendant "may be able to pay something," the Court affirmed the appellate court's decision to remand for a hearing. (*Id*. at p. 1069.)

Here, defendant has been in prison since he was sentenced in January 2018. Even assuming prison wages are relevant, there is no evidence paid work has been made available to him. (See

*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [an incarcerated defendant who has the ability to pay a restitution fine from prison wages may still lack the ability to pay § 987.8 attorney's fees]; § 2700 [able-bodied prisoners required to work]; but see 15 Cal. Code Regs. § 3040, subds. (a) [work includes unpaid labor, education, and other programs], (k) ["An inmate's assignment to a paid position is a privilege dependent on available funding, job performance, seniority, and conduct."].)

Moreover, if defendant has secured a paying job, it is unlikely that he has accumulated enough assets in prison thus far—or will accumulate enough assets in the six months after remand—to reimburse the county for his legal representation. (See § 987.8, subd. (g)(2) [ability to pay based on defendant's current financial position and reasonably discernable position within six months].)

The inmate minimum wage in California prisons is $0.08 per hour and $12 per month. (Cal. Dept. of Corrections and Rehabilitation, Operations Manual (Jan. 1, 2019) § 51120.6.) Inmate technicians, like bakers, barbers, firefighters, and heavy-equipment operators, may earn between $0.15 and $0.24 per hour ($23–$36 per month). (*Id.*, §§ 51120.6–51120.7.) Those with special skills, such as mechanics, dental technicians, x-ray technicians, and welders can earn between $0.19 and $0.32 per hour ($29–$48 per month). (*Ibid.*) But there is no evidence that defendant qualifies for this more desirable, higher-paying work. (See 15 Cal. Code Regs. § 3041.1 [eligibility for paid work].)

In addition, defendant's $300 restitution fine must be paid first. (§ 1203.1d [payments allocated to restitution fine before reimbursement orders].) The California Department of Corrections and Rehabilitation (CDCR) will collect direct victim

9

restitution and the restitution fine by deducting up to 50 percent of defendant's trust account deposits, including any prison wages he may earn. (§ 2085.5, subds. (a)–(d); 15 Cal. Code Regs. § 3097, subds. (f)–(g); Code Civ. Proc., § 704.090 [exempting $300 in inmate trust account funds from restitution fines and $1,225 from other money judgments]; but see *In re Betts* (1998) 62 Cal.App.4th 821 [Code Civ. Proc., § 704.090 does not apply to inmate wages or trust account deposits].) Before crediting a payment to defendant's court-ordered debts, CDCR will deduct a 10 percent administrative fee. (15 Cal. Code Regs. § 3097, subd. (c); see §§ 1202.4, subd. (l) [authorizing fee up to 10 percent of the restitution fine to cover actual administrative costs], 2085.5 [same].)

Furthermore, defendant spent the 239 days—about eight months—before sentencing in pretrial custody and most of the 20 years before that in and out of prison. There is no evidence he accumulated any savings during that time.

Given defendant's financial circumstances, the statutory presumption that he lacks the ability to pay, and the lack of evidence to conceivably rebut that presumption, we conclude further proceedings would only generate more costs. In the interests of judicial economy and efficiency, we modify the judgment to strike the order assessing attorney's fees. (See *People v. Gonzales* (2017) 16 Cal.App.5th 494, 504–505 [declining to remand for inquiry about ability to pay attorney's fees "[i]n view of the length of sentence, and to avoid what amounts to an unnecessary use of judicial resources"]; § 1260 [court's power to modify judgments].)

10

## DISPOSITION

The judgment is modified to strike the order that defendant pay $1,185 in attorney's fees under Penal Code section 987.8. In all other respects, the judgment is affirmed.

Upon issuance of the remittitur, the trial court is directed to amend the minute order of January 12, 2018, and the abstract of judgment to reflect the judgment as modified and to send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


**CERTIFIED FOR PUBLICATION**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.

11