Filed 3/5/21  P. v. Splettstoesser CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. PARRISH DON SPLETTSTOESSER, Defendant and Appellant. | F078416 (Fresno Super. Ct. No. F18904298) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Parrish Don Splettstoesser pleaded no contest to one count of residential burglary and admitted a firearm enhancement. He was sentenced to a stipulated term of 12 years. The court also imposed a restitution fine plus fees and assessments.

On appeal, defendant argues the court improperly ordered him to pay the fines, fees, and assessments without determining his ability to pay such amounts based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTS[1]

On March 23, 2018, defendant arrived at the residence of S.H. and T.V. and knocked on the door. S.H. had known defendant and his family for a long time. S.H. answered and defendant immediately confronted him, demanding to know where defendant's guitars were. Defendant hit S.H. with an "ax handle."

S.H. said he did not have defendant's guitars and said he would bring out his own guitars to show him. Defendant pulled out a .44-caliber revolver and said they would look around together. Defendant walked S.H. into the living room where T.V. was sitting. S.H. tried to reach for his shotgun that was propped against the wall. Defendant warned that he would shoot S.H. if he flinched, and S.H. took his hand off the shotgun. Defendant pointed his gun at T.V.'s head. Defendant repeatedly told them that "if you call the cops, you're dead" and "I'll be back to kill you."

Defendant escorted S.H. around the house at gunpoint to look for his guitars, and then went outside to look in a shed. Defendant realized that his guitars were not there, got upset, and walked away.

---

[1] The following facts are from the preliminary hearing transcript.

# PROCEDURAL BACKGROUND

On July 17, 2018, an information was filed in the Superior Court of Fresno County charging defendant with count 1, first degree burglary (Pen. Code, §§ 459, 460, subd. (a));[2] counts 2 and 3, attempted first degree robbery (§§ 211, 664); counts 4 and 5, criminal threats (§ 422); counts 6 and 7, dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); count 8, assault with a deadly weapon (§ 245, subd. (a)(1)); count 9, kidnapping (§ 207, subd. (a)); counts 10 and 11, false imprisonment by violence (§ 236); counts 12 through 15, possession of a firearm by a felon (§ 29800, subd. (a)(1)); and count 16, possession of ammunition by a felon (§ 30305, subd. (a)(1)).

As to count 1 through 11, it was alleged defendant personally used a firearm in the commission of the offenses (§§ 12022.5, subd. (a), 12022.53, subd. (b)), and as to count 1, that a person other than an accomplice was present during the commission of the burglary (§ 667.5, subd. (c)(21)).

## Plea

On September 24, 2018, defendant's trial began with evidentiary motions. The court granted the People's motion to dismiss counts 2 and 3.

On September 25, 2018, the court began voir dire. After a recess, the parties advised the court that defendant had agreed to enter a plea to count 1 for a stipulated term of 12 years. The parties also stipulated to the preliminary hearing and the police reports for the factual basis.

Defendant pleaded no contest to count 1, first degree burglary, and admitted the personal use enhancement. Defendant acknowledged he could be required to pay a fine of up to $10,000.

The court granted the People's motion to dismiss the remaining charges and allegations, while reserving the right to comment and request restitution.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

**Sentencing**

On October 29, 2018, the court sentenced defendant to the lower term of two years for count 1, with an additional 10-year term for the personal use enhancement, for a total of 12 years in prison consistent with the stipulated term.

The court imposed a restitution fine of $1,000 (§ 1202.4) and suspended the $1,000 parole revocation fine (§ 1202.45). It also imposed a $30 criminal conviction assessment fee (Gov. Code, § 70373) and a court security fee of $40 (§ 1465.8).

Defendant did not object to the restitution fines and fees but requested a hearing as to the request for victim restitution of $4,675. The court set the matter for a further hearing.

On or about November 13, 2018, appellant filed a notice of appeal, and defendant received a certificate of probable cause.

On January 28, 2019, the court conducted the requested hearing on victim restitution, and imposed the amount requested of $4,675 based on the victim's request for reimbursement for staying at a hotel for nearly one month after the burglary because of fear of defendant (§ 1202.4, subd. (f)).

**Supplemental Motion**

On September 5, 2019, defendant filed a motion in the trial court to strike the fines and assessments imposed against him or, alternatively, hold a hearing to determine his ability to pay fines and assessments under *Dueñas*.

On September 30, 2019, the court denied the motion, finding that defendant waived the ability to pay issue by failing to raise it at the sentencing hearing. The court further found that even if he did not waive the issue, there was no reasonable likelihood he would prevail on the issue because the restitution fine was $1,000; defendant told the

4.

probation officer he had been earning $800 per day as a heavy construction contractor; and he would also be able to pay the fine from prison wages.[3]

The court rejected defendant's claim that the restitution fine was excessive in violation of the Eighth Amendment based on the holding in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), and held the aggregate amount imposed was not grossly disproportionate to defendant's level of culpability and infliction of harm.

## DISCUSSION

Defendant argues that as in *Dueñas,* the court in this case violated his due process rights because it imposed the restitution fine and the fees and assessments without determining his ability to pay, he is indigent, and the amounts must be stricken and vacated unless the People prove his ability to pay. Defendant further argues he did not forfeit review of this issue because he lacked any statutory authority to object to the fines and fees at the time of the sentencing hearing, and *Dueñas* created a new constitutional basis to object to the court's order that could not have been anticipated.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)[4]

We disagree with the holding in *Dueñas* and find the matter need not be remanded on this issue. As explained in *Aviles*, we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. Under that standard, the fines and fees imposed in this case are not grossly

---

[3] According to the probation report, defendant said he had been self-employed as a heavy construction contractor for 30 years and earned $800 per day.

[4] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, 39 Cal.App.5th at pp. 1068–1072.)

Defendant acknowledges *Aviles* but argues it was wrongly decided. We disagree pending a future ruling from the California Supreme Court.

Defendant next asserts that *Aviles* placed a heavy burden to anticipate an ability to pay objection prior to *Dueñas* being decided or risk forfeiture of this issue on appeal. Defendant argues he did not forfeit review of the *Dueñas* issues because the case had not yet been decided at the time of his sentencing hearing, defense counsel could not have anticipated it, and any objection would have been futile at the time.

Aside from the discussion in *Aviles*, however, defendant had the statutory ability to raise an ability to pay objection at the time of his sentencing hearing. When the court imposes a restitution fine greater than the $300 statutory minimum amount, "[s]ection 1202.4 expressly contemplates an objection based on inability to pay," and defendant's failure to object results in forfeiture of the issue. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 (*Frandsen*); *Aviles, supra*, 39 Cal.App.5th at p. 1073.) Such a forfeiture rule has been consistently followed. (*People v. Trujillo* (2015) 60 Cal.4th 850, 853–854; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.)

In this case, the court ordered defendant to pay a restitution fine of $1,000 under section 1202.4, subdivision (b), an amount greater than the statutory minimum fine. Defendant had the statutory right to object to the $1,000 restitution fine and demonstrate his alleged inability to pay. Such an objection "would not have been futile under governing law at the time of his sentencing hearing," and his failure to do so has forfeited the issue. (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *People v. Lowery* (2020) 43

Cal.App.5th 1046, 1048; *Aviles, supra*, 39 Cal.App.5th at pp. 1073–1074; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1032–1033.)[5]

In addition, any objections to the assessments imposed under section 1465.8 and Government Code section 70373 would not have been futile. "Although both statutory provisions mandate the assessments be imposed, nothing in the record of the sentencing hearing indicates that [the defendant] was foreclosed from making the same request that the defendant in *Dueñas* made in the face of those same mandatory assessments. [The defendant] plainly could have made a record had his ability to pay actually been an issue. Indeed, [he] was obligated to create a record showing his inability to pay the … restitution fine, which would have served to also address his ability to pay the assessments." (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *Aviles, supra*, 39 Cal.App.5th at p. 1074.)

Even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless beyond a reasonable doubt since defendant has the ability to pay the fines and fees imposed in this case. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a

---

[5] Defendant's postjudgment motion does not excuse his failure to object to the restitution fine at the sentencing hearing. Defendant's motion was required to perfect appellate review and comply with section 1237.2, which states that " '[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing….' " (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1087, 1088; *People v. Hall* (2019) 39 Cal.App.5th 502, 504.)

restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

Defendant argues his circumstances have dramatically changed since he was arrested and convicted in this case, and it is uncertain whether he will be able to obtain the same employment upon his release from prison, or if will be able to obtain a prison job. We believe *People v. Potts* (2019) 6 Cal.5th 1012 (*Potts*) is persuasive on this point. The trial court in *Potts* ordered a defendant convicted of capital murder to pay the statutory maximum restitution fine of $10,000, partially based on the probation officer's erroneous statement that a condemned inmate would be assigned a job in prison. At the time of the hearing, the applicable restitution statute permitted the court to consider the defendant's inability to pay but the defendant did not object. (*Id.* at p. 1055.) The defendant filed a postjudgment motion for the court to reduce the fine because of the court's mistake and his inability to pay and argued his own source of income in prison was limited to small financial gifts from family and friends. The court denied the motion and found that seizing even a small part of the defendant's income was a minimal burden considering the incredible loss he inflicted to the victim's family. (*Id.* at pp. 1055–1056.)

*Potts* held the trial court abused its discretion when it imposed the fee based on the erroneous belief that a defendant sentenced to death would be permitted to work. However, *Potts* held the error was harmless beyond a reasonable doubt based on the court's findings when it denied the postjudgment motion to modify the fine. (*Potts, supra*, 6 Cal.5th at pp. 1055, 1056.) *Potts* explained that the defendant's alleged inability

8.

to pay because he lacked a prison job would be "blunted by the fact that he would retain at least some of the money sent to him" by family and friends. (*Id.* at p. 1056.) The trial court was "permitted to conclude that the monetary burden the restitution fine imposed on defendant was outweighed by other considerations," such as the seriousness and gravity of the offense, and the circumstances of its commission. (*Id.* at pp. 1056–1057.)

There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

Finally, defendant argues the record suggests his inability to pay because he was represented by appointed counsel, and the trial court did not find that he had the ability to repay the costs of representation under section 987.8. However, section 987.8 carries a specific statutory presumption that a defendant sentenced to more than one year in prison does not have the ability to reimburse defense costs. Such a presumption does not apply to whether he had the ability to pay the statutorily mandated restitution fine and fees. (§ 987.8, subd. (g)(2)(B); *Aviles, supra*, 39 Cal.App.5th at pp. 1074–1075; *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

## DISPOSITION

The judgment is affirmed