Filed 5/7/21  P. v. Bailey CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY ALLEN BAILEY,<br><br>Defendant and Appellant. | F079227<br><br>(Tulare Super. Ct. Nos. VCF274485 & PCF364002A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Anthony Allen Bailey entered into a plea agreement, failed to appear for the sentencing hearing and was arrested four years later as part of a narcotics investigation.

On appeal, defendant contends the one-year term imposed for the prior prison term enhancement must be stricken, and the court improperly overruled his objection to the restitution fines and fees because he lacked the ability to pay those amounts in violation of his constitutional rights to due process and equal protection under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We order the prior prison term enhancement stricken and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### Case No. VCF274485

On the afternoon of October 13, 2012, Officer James Haney of the Tulare County Police Department responded to a disturbance call and contacted C.M, who reported that defendant had assaulted her that day. C.M. said she had an on-and-off dating relationship with defendant for 24 years, but they did not live together or have children. C.M. stated she spent the prior night at defendant's house, but he was intoxicated, and they argued. In the early morning hours, defendant fell asleep. C.M. said she took $40 from defendant's nightstand and walked home.

Later in the day, defendant sent threatening text messages to her and then arrived at her apartment. Defendant banged on the door, and she opened it slightly. Defendant pushed open the door and immediately hit the right side of her face with his closed fist. She fell backwards and landed on the floor. Defendant also broke her cell phone. C.M.

---

[1] The facts for both cases are taken from the preliminary hearings and the probation reports.

said she suffered a small scratch on her arm and swelling on her triceps area and complained of facial pain.

On October 14, 2012, C.M. again contacted Officer Haney and reported that defendant engaged in the possession and sale of cocaine, methamphetamine, and marijuana, and also had guns and ammunition.

Officer Haney conducted surveillance of defendant and then obtained a search warrant for his residence in Tulare.

On October 15, 2012, the officers headed to defendant's house to execute the search warrant, and saw defendant driving away. Defendant was detained and arrested. There were two cell phones in his car and a digital scale in the trunk. The officers also recovered a set of keys. There were text messages on the cell phones consistent with the sale of narcotics.

The officers returned to defendant's house to conduct the search and used one of his keys to unlock his bedroom door. They searched his bedroom and found a bag containing a chunk of cocaine base. A baggie contained 10 individually wrapped baggies of crack cocaine, a second baggie contained six additional baggies of the same drug, and the total weight of the cocaine base was 6.06 grams. There were approximately 20 baggies of packaged marijuana that weighed 28.88 grams. The officers also found three digital scales, 50 rounds of .40-caliber ammunition, 24 additional rounds of the same caliber, and some 7.62-caliber rounds. There was a plate in the bathroom with cocaine residue and a razor blade.

### *The charges and plea*

On August 30, 2013, an information was filed in case No. VCF274485, charging defendant with count 1, possession of cocaine base for sale (Health & Saf. Code, § 11351.5), with two prior convictions for controlled substances offenses within the meaning of Health and Safety Code section 11370.2, subdivision (a); count 2, possession of marijuana for sale (Health & Saf. Code, § 11359); count 3, felon in possession of

ammunition (Pen. Code, 30305, subd. (a)(1));[2] and count 4, misdemeanor battery against C.M., a person with whom defendant was in a dating relationship (§ 243, subd. (e)(1)). It was further alleged defendant had one prior prison term enhancement (§ 667.5, subd. (b)).

On February 14, 2014, defendant pleaded no contest to counts 1 and 3, and also to an amended count 4 for misdemeanor simple battery (§ 242) and admitted the special allegations.

The court stated it would dismiss count 2 (Health & Saf. Code, § 11359) at the time of sentencing, and gave an indicated sentence of five years. The court granted defendant's request to continue being released on his own recognizance (OR) since he had appeared for all hearings and scheduled the sentencing hearing.

On July 18, 2014, defendant failed to appear for the sentencing hearing. The court revoked his OR release and issued a bench warrant for his arrest.

### Case No. PCF364002A

Defendant's whereabouts were unknown until 2018.

On April 4, 2018, police officers executed a search warrant at a residence where they believed defendant was living. Upon entry into the house, the officers found defendant and Sophia Gomez in the bedroom. The officers also found 10 baggies of methamphetamine with a total weight of 15.71 grams, two baggies with 25 grams of methamphetamine, an amount of marijuana, two digital scales with residue, cash, and apparent cocaine on top of a counter. The narcotics were within reach of their two children, ages one and two years old.

---

[2] All further statutory references are to the Penal Code unless otherwise stated.

### *The charges and plea*

On April 6, 2018, the court issued a criminal protective order that prohibited defendant from having any contact with the two children pending further order of the juvenile court.

On June 27, 2018, an information was filed case in case No. PCF364002A, charging defendant with count 1, felony possession of methamphetamine for sale (Health & Saf. Code, § 11378); and counts 2 and 3, felony child abuse by permitting each child to be placed in a situation that endangered their health (§ 273a, subd. (a)).

On October 19, 2018, the court denied defendant's motion to quash the search warrant.

On March 8, 2019, defendant pleaded no contest to the three felony counts as charged. Defense counsel stated defendant was pleading "to the sheet." The court advised defendant that he faced a maximum possible term of 15 years and gave an indicated sentence of six years four months.

## Sentencing hearing

On April 18, 2019, the court held the sentencing hearing for case Nos. VCF274485 and PCF364002A.

Defense counsel objected to the recommendation in the probation report for the imposition of restitution fines of $2,400 and $900 in the two cases, and argued defendant lacked the ability to pay those amounts consistent with the opinion in *Dueñas*.

The court reviewed section 1202.4 on restitution and the *Dueñas* opinion, stated it was not bound by *Dueñas* since it was from a different appellate district. The court denied defendant's objection to the restitution fines and stated:

> "I am considering [defendant's] ability. Obviously, he's in custody and
> he'll be serving time for a number of years, so, obviously, that would tend
> to show he's not going to be able to work outside the prison system, of
> course. However, in prison, he is eligible to work and fines are subject to
> collection based on his ability to make wages at the time. [¶] But all those

5.

factors are considered by the Probation Department in developing the fine amount under [section] 1202.4."

The court imposed an aggregate term of six years four months in both cases.

In case No. VCF274485, the court imposed the upper term of four years for count 1, plus one year for the prior prison term enhancement; a concurrent term for count 3, and no time for count 4. It also imposed a restitution fine of $2,400 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of the same amount (§ 1202.45). The court ordered direct restitution of $400 to C.M. (§ 1202.4, subd. (f)), victim restitution of $615 to the Victims Compensation Board, a court operations assessment of $120 (§ 1465.8), and a criminal conviction assessment of $90 (Gov. Code, § 70373).

In case No. PCF364002A, the court imposed a consecutive term of one year four months (one-third the midterm) for count 2; and concurrent terms for counts 1 and 3. It also imposed a restitution fine of $900 and suspended the parole revocation fine in the same amount; plus a court operations assessment of $120 (§ 1465.8), a criminal conviction assessment of $90 (Gov. Code, § 70373), victim restitution of $585 to the Victims Compensation Board, and a child abuse prevention restitution fine of $1,000 pursuant to section 294, subdivision (a).

The court found defendant did not have the ability to reimburse the costs of the probation report and attorney fees.

The court again issued a criminal protective order that prohibited contact between defendant and the two children for five years, subject to modification by the juvenile court.

On April 26, 2019, defendant filed notices of appeal in case Nos. PCF364002A and VCF274485.

## DISCUSSION

### I. The Prior Prison Term Enhancement

Defendant contends, and the People agree, the prior prison term enhancement imposed in case No. VCF274485 must be stricken.

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b), to provide that the one-year prior prison term enhancement only applies when there is a prior separate prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)

"By eliminating the one-year enhancement for prior prison terms that were not imposed for sexually violent offenses, the newly amended section reduces the punishment for such offenses. [¶] Because [defendant's] conviction is not yet final, he is entitled to the retroactive benefit of the change in law…." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

Defendant's prior prison term enhancement was based on four prior convictions in 2002 for narcotics and weapons offenses, and not on a sexually violent offense. Defendant's admission and the one-year term imposed must be stricken.[3]

### II. The Restitution Fine, Fees, and Assessments

Defendant contends the court's imposition of the restitution fines must be stayed, and the fees, and assessments must be stricken, because these amounts were imposed in violation of his due process and equal protection rights as set forth in *Dueñas* since the court failed to conduct an appropriate hearing on his ability to pay, and the prosecution failed to proof such an ability in response to defense counsel's objection.

---

[3] Defendant's case does not fall within the narrow category of negotiated dispositions addressed in *People v. Stamps* (2020) 9 Cal.5th 685 and *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted, January 27, 2021, S265739, where prior conviction enhancements were part of plea agreements, since there was no agreed upon sentence as part of a plea agreement in this case

Defendant further argues the court's finding that he had the ability to pay the restitution fines, fees, and assessments is not supported by substantial evidence because he is indigent and unemployed, any income from a prison job would be insufficient even if he received such a position, and the court found he lacked the ability to reimburse the costs of his defense.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[4] We disagree with the holding in *Dueñas*. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

Even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find the court properly found defendant has the ability to pay the fines and fees imposed in this case, and any error in failing to hold a lengthier hearing was harmless. (*Chapman v. California* (1967) 386 U.S. 18, 24; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but

---

[4] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

8.

may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We agree with the trial court that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during her prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

Finally, defendant argues the court's ability to pay finding was inconsistent with its determination that he lacked the ability to reimburse the costs of his representation. The court's finding was based on section 987.8, that contains a specific statutory presumption that a defendant sentenced to more than one year in prison or county jail does not have the ability to reimburse defense costs. Such a statutory presumption does not apply to whether he had the ability to pay the statutorily mandated restitution fine and fees. (§ 987.8, subd. (g)(2)(B); *Aviles, supra*, 39 Cal.App.5th at pp. 1074–1075; *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

**DISPOSITION**

The one-year term imposed for the section 667.5, subdivision (b) prior prison term enhancement in case No. VCF274485 is stricken, and defendant's sentence is modified to five years four months. An amended abstract of judgment shall be prepared and forwarded to all appropriate parties. In all other respects the judgment is affirmed.

9.