Filed 11/4/21  P. v. Brokenbrough CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093552 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF202706, CRF202251, CRF202710 ) |
| v. | |
| JORDAN LEON BROKENBROUGH, | |
| Defendant and Appellant. | |

In a global resolution of three cases, defendant Jordan Leon Brokenbrough pled guilty to several charges and admitted several associated enhancements.  The trial court sentenced defendant to eight years and eight months in prison and imposed restitution fines and assessments.  This appeal pertains solely to the fines and assessments imposed.

Defendant argues the trial court violated his right to due process by imposing the fines and assessments without first determining he had the ability to pay them.  (Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157.)  In defendant's view, when his appointed counsel asked the trial court to " 'waive any court costs, fines, and fees that the Court is allowed to by law due to [defendant's] being represented by the Public Defender's Office,' " the trial court had an obligation to hold a hearing and should not have "speculat[ed] he could pay the obligation out of prison wages."

1

Defendant asks us to vacate the assessments "because they were imposed on an indigent defendant" (capitalization omitted), and stay execution of the restitution fines until a hearing is held to determine if he has the ability to pay them. We affirm but order the trial court to correct the abstract of judgment as to the amount of the assessments imposed to conform to the oral pronouncement.

## DISCUSSION[1]

At sentencing, defense counsel asked the trial court to "waive any court costs, fines, and fees that the Court is allowed to by law due to [defendant's] being represented by the Public Defender's Office." The trial court nonetheless orally imposed a $300 restitution fine and $300 stayed parole revocation fine in each of the three cases, a $160 court operations assessment, and a $120 court facilities assessment. The trial court noted defendant "does have the ability to earn wages to a certain extent in the Department of Corrections." Defendant said nothing in response.

Defendant's argument that the trial court violated his due process rights because it imposed the fine and assessments "without a determination that [he] was able to pay them" is confusing. (Bolding and capitalization omitted.) Although the trial court did not make an express finding of ability to pay, the trial court noted defendant "does have the ability to earn wages to a certain extent in the Department of Corrections." The trial court further impliedly determined defendant has the ability to pay the fines and assessments imposed because the court imposed the fines and assessments *after* defense counsel asked the court to "waive any court costs, fines, and fees . . . ." (See *People v. Avila* (2009) 46 Cal.4th 680, 729 [express findings by court as to ability to pay not required].) The trial court thus *did* make an ability to pay determination; it simply was not the determination defendant wanted.

---

[1] We dispense with a recitation of the factual and procedural background given the narrow issue presented on appeal.

To the extent defendant asserts the trial court should have held a separate hearing to determine whether he had the ability to pay the restitution fines, we disagree. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061, fn. 19 [a separate hearing as to ability to pay restitution fine not required].)

Also, to the extent defendant attempts to argue the trial court abused its discretion by imposing the fines and assessments, we disagree. A defendant has the burden of proving his or her or their inability to pay fines, fees, and assessments at the hearing imposing such fines, fees, and assessments in the trial court. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Although defendant asserts that he is indigent, he relies solely on the fact the trial court appointed a public defender to represent him in each of the three cases. Defendant asserts he "was entitled to a presumption that he was unable to pay the fine and fees, absent evidence of changed circumstances," because of that fact. (Citing *People v. Rodriguez* (2019) 34 Cal.App.5th 641; *People v. Santos* (2019) 38 Cal.App.5th 923; *People v. Taylor* (2019) 43 Cal.App.5th 390.) And, he believes the presumption is supported by objective evidence because the probation report shows he was 23 years old at the time of sentencing and already "had two felony convictions in 2015 that resulted in his being on parole at the time of the current offenses." We find no merit in defendant's contention.

Defendant asks this court to presume that every defendant for whom counsel is appointed automatically does not have the ability to pay *any* fines, fees, and assessments. That we will not do. We agree with *Douglas* that a defendant may lack the ability to pay the costs of court-appointed counsel yet have the ability to pay certain fines, fees and/or assessments depending on the amount. (*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) None of the cases relied upon by defendant reached a contrary conclusion. Defendant further did not object to the trial court's statement that defendant could earn prison wages, nor did he attempt to counter the statement.

3

We conclude defendant failed to carry his burden in demonstrating his inability to pay the fines and assessments; we thus affirm. We, however, direct the trial court to correct the abstract of judgment to reflect the assessments as orally imposed because the abstract of judgment incorrectly provides the trial court imposed a $120 court operations assessment (Pen. Code, § 1465.8) and a $90 court facilities assessment (Gov. Code, § 70373). We may correct clerical errors at any time after assuming jurisdiction over a matter and may order a correction of an abstract of judgment when it does not accurately reflect the oral pronouncements of sentencing courts. (*People v. Clark* (2021) 67 Cal.App.5th 248, 260-261.) " 'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' " (*Ibid.*) The trial court shall correct the abstract of judgment to show that it imposed a $160 court operations assessment and a $120 court facilities assessment.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to show it imposed a $160 assessment under Penal Code section 1465.8 and a $120 assessment under Government Code section 70373. The corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.

           /s/
           Robie, J.

We concur:

/s/
Blease, Acting P. J.


/s/
Mauro, J.

4