Filed 1/25/22  P. v. Ceja CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARMANDO CEJA,<br><br>    Defendant and Appellant. | D077869<br><br><br>(Super. Ct. Nos. SCS292087 &<br>SCS312099) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General for Plaintiff and Respondent.

INTRODUCTION

Armando Ceja appeals from the imposition of various fines imposed by the trial court during sentencing after he pled guilty to robbery.  He asserts

recent changes enacted by Assembly Bill No. 1869 (2019–2020 Reg. Sess.) require us to strike the trial court's imposition of a $154 criminal justice administration fee pursuant to the now-repealed Government Code section 29550.1, and that the trial court erred by imposing the additional fees without determining his ability to pay. We will modify the judgment to vacate that portion of the $154 fee that remained unpaid as of July 1, 2021, but conclude Ceja forfeited his argument regarding the ability to pay, the trial court did not abuse its discretion in determining he had the ability to pay, and any error was harmless. Accordingly, we affirm the judgment as modified in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2019, 24-year-old Ceja was arrested after he entered his ex-girlfriend's residence without permission, struck her in the mouth, took her cell phone, and ran away with it. The ex-girlfriend had previously reported an incident in which Ceja had elbowed her, pulled her hair, injured her arm, and threatened to kill her.

Ceja was charged in an amended felony complaint filed in case number SCS312099 with robbery (Pen. Code, § 211; count 1),[1] corporal injury to a person with whom he had a dating relationship (§ 273.5, subd. (a); count 2), trespass and refusing to leave private property (§ 602, subd. (o)(1); count 3), making a criminal threat (§ 422; count 4), and battery of a person with whom he had a dating relationship (§ 243, subd. (e)(1); count 5).

Pursuant to a negotiated plea agreement, Ceja pled guilty to the robbery count in exchange for a stipulated prison sentence of two years, dismissal of the remaining charges, and termination of probation in two

---

[1]     Unspecified statutory references are to the Penal Code.

cases.[2]  As a factual basis for his guilty plea, Ceja agreed that he "willfully and unlawfully took [his] girlfriend's phone by force or fear without her consent to deprive her of possession" of the phone.  A probation report was prepared for sentencing.

On June 10, 2020, the trial court sentenced Ceja to two years in prison. The court determined Ceja would receive credit for 189 actual days in custody plus 28 conduct days pursuant to section 2933.1, for a total credit of 217 days.

The court stated it would order Ceja to pay the following amounts:  a $600 restitution fine (§ 1202.4, sub. (b)); a stayed $600 parole revocation fine (§ 1202.45); a $40 court operations assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); a $154 criminal justice administration fee (former Gov. Code, § 29550.1); a $41 fine for robbery to be paid to the National City Police Department (§ 1202.5); and victim restitution in an amount to be determined by the court.

The following exchange then occurred between defense counsel and the court:

"[Defense counsel]:  And, Your Honor, there is -- those are fines that are mandatory.  I would just like to note, for the record, that he has an inability to pay at this time.

"[Court]:  Is there anything further you would like to add in that regard?

"[Defense counsel]:  No, Your Honor.

---

[2]    The two cases in which probation was terminated are case numbers SCS292087 and SCS299782.  The record suggests Ceja entered a previous plea that impacted both cases and, "pursuant to the terms of the plea bargain," the trial court denied probation in case number SCS292087 and sentenced Ceja to 365 days in jail with credit for time served.

3

"[Court]: He is 24 years old. The Probation Report indicates that he has no health issues. He will be in prison. He will be able to earn money while in prison. [¶] Your motion for relief is denied."

Ceja timely appealed.[3]

## DISCUSSION

### I.

*Government Code Section 6111*

After Ceja was sentenced and while his appeal was pending, Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill No. 1869) was signed into law. As of July 1, 2021, pursuant to Assembly Bill No. 1869, the statutory provision pursuant to which the court ordered Ceja to pay a $154 criminal justice administration fee (former section 29550.1 of the Government Code) was repealed, and Government Code section 6111 was added. (Assem. Bill No. 1869, §§ 11, 24.)

Government Code section 6111, subdivision (a), provides that: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

---

3    Ceja filed two notices of appeal, each referencing SCS292087 and SCS312099. Separate judgments were entered in each case. A single Court of Appeal case number was assigned to both superior court cases. In his opening brief on appeal, Ceja states that his appeal "does not raise any issues concerning case number SCS292087." Ceja has therefore forfeited any challenge to the judgment entered in case number SCS292087 that he could have raised pursuant to his notice of appeal.

Ceja contends the changes that Assembly Bill No. 1869 made to the relevant statutory scheme require us to strike the trial court's imposition of the $154 criminal justice administration fee and vacate "any portion of a judgment imposing those costs." He contends that Assembly Bill No. 1869 "repeals the authority of the court to impose" the fee, and that this repeal is a mitigative measure that applies to him retroactively pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). He observes that section 2 of Assembly Bill No. 1869 expresses a legislative intent " 'to eliminate all outstanding debt incurred as a result of the imposition of administrative fees' " and contends this goal can be achieved only by applying the new law "fully retroactively," by which he appears to mean striking the entire fee, rather than just the unpaid portion of the fee, from the judgment.

The People respond that, in Government Code section 6111, the Legislature specified July 1, 2021 as the date beyond which court-imposed costs are to be rendered unenforceable, making clear the costs are enforceable until that time. The People further contend that under *People v. Conley* (2016) 63 Cal.4th 646, 656 (*Conley*), the *Estrada* rule reflects a presumption of legislative intent that applies in the absence of contrary indications, and that here, the Legislature has expressed its intent that relief is not available with regard to sums paid before July 1, 2021.

Another panel of this court recently considered the same contentions about the retroactive scope of the statutory changes made by Assembly Bill No. 1869 under *Estrada*. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945 (*Lopez-Vinck*).) The defendant in *Lopez-Vinck* argued, as Ceja does here, that under *Estrada*, the repeal of Government Code section 29550.1 entitled him to vacatur of the portion of his judgment imposing a $154 fee under former

5

Government Code section 29550.1.  (*Lopez-Vinck*, at p. 950.)  We rejected this contention.

We observed that in *Conley*, our high court explained that the *Estrada* rule supplies an inference of retroactivity that applies " '*in the absence of any textual indication of the Legislature's intent*.' "  (*Lopez-Vinck, supra*, 68 Cal.App.5th at p. 951.)  We further observed that the *Estrada* rule is not " 'a constitutional command' " and that " 'the Legislature . . . may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal law amendments if it so chooses.' "  (*Lopez-Vinck*, at p. 952, quoting *Conley*, *supra*, 63 Cal.4th at p. 656.)

We then examined Assembly Bill No. 1869 and found it reflected a legislative intent to address retroactive application of its terms.  (*Lopez-Vinck, supra*, 68 Cal.App.5th at p. 952.)  We observed that Government Code section 6111 "distinguishes between fees paid by convicted individuals pursuant to fee orders made under the repealed fee statutes *prior* to July 1, 2021, and those fees that *remain outstanding* as of July 1, 2021."  (*Lopez-Vinck*, at p. 952.)  We further observed that in section 2 of Assembly Bill No. 1869, the Legislature expressed its intent to "eliminate the 'outstanding debt incurred' by defendants as a result of the imposition of the repealed fee provisions," and found this intent was accomplished through the enactment of Government Code section 6111.  (*Lopez-Vinck*, at p. 952.)  We concluded: "Because [Government Code] section 6111 indicates a legislative intent to extend the ameliorative changes in the law regarding the imposition of administrative fees to individuals serving both final and nonfinal sentences, but only to the extent of relieving those individuals of the burden of any debt that remains unpaid on and after July 1, 2021, the *Estrada* rule does not apply, and [the appellant] is not entitled to have the fee imposed pursuant to

6

former [Government Code] section 29550.1 vacated in its entirety as a result of the repeal of [Government Code] section 29550.1." (*Id.* at p. 953.)

We adhere to our analysis and conclusion in *Lopez-Vinck*, which dispense with Ceja's contentions here.[4] Under *Lopez-Vinck*, the repeal of Government Code section 29550.1 does not operate to entitle Ceja to a disposition striking the imposition of the $154 criminal justice administration fee, or to a vacatur of the fee in its entirety. Instead, pursuant to Government Code section 6111, Ceja is entitled to have that portion of the $154 fee that remained unpaid as of July 1, 2021, vacated from the judgment. We will modify the judgment accordingly.

## II.

### *The Trial Court Did Not Err by Imposing the Remaining Fees*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Ceja asserts the trial court erred by imposing a $600 restitution fine pursuant to

---

[4] Ceja makes one contention that was not addressed in *Lopez-Vinck*. He argues that under section 62 of Assembly Bill No. 1869, which added section 1465.9 to the Penal Code, certain court-imposed costs will become uncollectible and unenforceable as of July 1, 2021. He appears to contend that this provision supports the view that other aspects of Assembly Bill No. 1869, such as the repeal of Government Code section 29550.1, were not intended "to apply prospectively only." Ceja's reliance on section 62 of Assembly Bill No. 1869 is misplaced, however, as it does not relate to fees imposed under former section 29550.1 of the Government Code. (See Assem. Bill No. 1869, § 62 [referring to "court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266"].) In any event, the language in section 62 of Assembly Bill No. 1869 rendering "the balance" of the referenced costs "unenforceable and uncollectible" after July 1 is no different than the language analyzed in *Lopez-Vinck*, and does not lead to a different conclusion about the retroactive scope of the repeal of Government Code section 29550.1 than the conclusion we reached in *Lopez-Vinck*.

section 1202.4, subdivision (b), as well as a $40 court operations assessment under section 1465.8, a $30 criminal conviction assessment under Government Code section 70373, a $154 criminal justice administration fee under Government Code section 29550, and a $41 theft fine pursuant to section 1202.5, without holding an ability to pay hearing. We conclude Ceja forfeited the claim, the trial court did not abuse its discretion in determining he had the ability to pay the fines and fees it imposed, and any error was harmless.

In *Dueñas*, the Court of Appeal held that due process requires the trial court to hold an ability to pay hearing before imposing fines, fees, or assessments and that the burden to prove ability to pay is on the prosecution. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1172.) The court further held that execution of any restitution fine imposed under section 1202.4, subdivision (b), must be stayed "until and unless" the trial court holds an ability to pay hearing and the People demonstrate the defendant has the ability to pay the restitution fine. (*Dueñas,* at p. 1172.) But "[o]ther courts, including this court, have disagreed with *Dueñas* on these key principles." (*People v. Keene* (2019) 43 Cal.App.5th 861, 863; see, e.g., *People v. Cota* (2020) 45 Cal.App.5th 786, 795; *People v. Allen* (2019) 41 Cal.App.5th 312, 326 ["[W]e would adopt the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis."]; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946; *People v. Kopp* (2019) 38 Cal.App.5th 47, 93–98 (*Kopp*), review granted Nov. 13, 2019, S257844.) Our Supreme Court is currently considering the viability of *Dueñas* as it pertains to whether a trial court must consider a criminal defendant's ability to pay assessed fines and fees, and if so, which party bears

the burden of proof. (*Kopp*, *supra*, 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

However, the trial court imposed a restitution fine of $600 and, even before *Dueñas*, section 1202.4 expressly permitted challenges to the imposition of a restitution fine in excess of the statutory minimum of $300 based on the inability to pay. (§ 1202.4, subds. (b)(1), (d); *People v. Lewis* (2009) 46 Cal.4th 1255, 1321 (*Lewis*); *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 (*Gutierrez*).) Section 1202.4, subdivision (d) provides, in relevant part: "In setting the amount of the fine pursuant to subdivision (b) *in excess of the minimum fine* pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay." (Italics added.) The statute also makes clear that "[a] defendant shall bear the burden of demonstrating [his or her] inability to pay." (§ 1202.4, subd. (d).) In cases since *Dueñas*, courts have clarified "it is [the defendant's] burden to make a record below as to their ability to pay these [fines, fees, and] assessments." (*Kopp*, *supra*, 38 Cal.App.5th at p. 96; *People v. Santos* (2019) 38 Cal.App.5th 923, 934 (*Santos*) ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay, as the *Dueñas* decision might be read to suggest"]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 ["Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed."].)

When a defendant does assert an inability to pay certain fines and fees, the trial court may consider any relevant factors, including his "housing status, mental illness or disability, receipt of government benefits, and realistic ability to earn prison wages or obtain employment." (*Santos, supra*

38 Cal.App.5th at p. 934.)  We review the trial court's determination that a defendant does have the ability to pay the fines and fees imposed for an abuse of discretion.  (*Lewis, supra,* 46 Cal.4th at p. 1321; *People v. Potts* (2019) 6 Cal.5th 1012, 1057.)

Here, after the trial court imposed the fines and fees at issue, defense counsel stated, "I would just like to note, for the record, that [Ceja] has an inability to pay at this time."  The court gave counsel an opportunity to expand on the argument and asked, "Is there anything further you would like to add in that regard?"  Counsel responded, "No, Your Honor."  The court then noted Ceja was 24 years old, appeared to be in good health, and stated, "He will be able to earn money while in prison.  [¶]  Your motion for relief is denied."  Defense counsel did not argue the matter further, did not raise any specific reasons Ceja would be unable to pay the fines, and did not request a separate hearing on the ability to pay issue.

Relying on *Dueñas*, Ceja asserts due process required the trial court to make a determination of his ability to pay before imposing the fines and that the trial court erred by failing to do so.  (See *Dueñas, supra,* 30 Cal.App.5th at pp. 1168–1169.)  However, here, the trial court did make a determination of Ceja's ability to pay the fines imposed.  After defense counsel raised the issue, the trial court stated there were no apparent barriers to Ceja's ability to earn wages and specifically concluded that he would be able to earn money while in prison.  To the extent Ceja asserts the court's determination was somehow inadequate or that the exchange did not constitute a proper hearing on his ability to pay, he did not raise that issue or ask for a separate evidentiary hearing in the trial court.  Accordingly, he has forfeited the issue on appeal.  (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and

10

articulates its supporting reasons cannot be raised for the first time on appeal"]; *Gutierrez, supra,* 35 Cal.App.5th at p. 1033.)

Regardless, we find no abuse of discretion in the trial court's imposition of the fines and fees. As the trial court stated, Ceja was a young and able-bodied man with the ability to "earn money while in prison." Ceja asserts there is no guarantee he will be able to work in prison and, even if he does obtain a job, wages are low, and his sentence is only two years. However, the trial court's findings that Ceja was young and able-bodied—which Ceja does not dispute on appeal—indicate he will also be able to earn wages after he is released from prison. It is well-settled that the trial court may rely on a defendant's ability to earn prison wages, even if those wages are low, *and* the defendant's ability to earn additional wages after release, in making an ability to pay determination. (See *People v. Jenkins* (2019) 40 Cal.App.5th 30, 41 ["[I]t is entirely appropriate to consider the wages defendant may earn in prison on the inability-to-pay issue."]; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [defendant did not show inability to pay $10,000 restitution fine simply because prison wages would make it difficult, it would take a long time, and the fine might never be paid]; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 [court may consider defendant's ability to pay in the future, including "defendant's ability to obtain prison wages and to earn money after his release from custody"]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [a trial court may consider the defendant's future ability to pay, including his ability to earn wages while in prison].)

Moreover, even if we were to conclude the exchange did not constitute a proper determination of Ceja's ability to pay or that the trial court did not properly consider Ceja's ability to earn wages after his release, we would conclude any error was harmless beyond a reasonable doubt. Even where the

11

trial court makes no findings at all regarding a defendant's ability to pay, the error is harmless if the record demonstrates the defendant cannot make a showing they are unable to pay the fines imposed. (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035; see also *People v. Cervantes* (2020) 46 Cal.App.5th 213, 229 ["the error would be harmless because the record demonstrates, beyond a reasonable doubt, that [the defendant] will be able to pay the total amount imposed"].) Here, for the reasons already discussed, the record indicates Ceja cannot make such a showing.

Unlike the defendant in *Dueñas*, Ceja is young and able-bodied, and he has not raised any specific reason, in the trial court or on appeal, that he will not be able to earn wages in or after prison. (Compare *Dueñas, supra*, 30 Cal.App.5th at p. 1160 [defendant was a homeless mother of two young children with an illness that prevented her from working].) Ceja asserts he was appointed counsel and was "de facto indigent" at the time of sentencing, but courts have recognized a defendant may have the ability to pay fines, including from prison wages, even if they do not have the ability to pay attorney fees pursuant to former section 987.8. (See *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 648–649; citing *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [defendant who has the ability to pay a restitution fine may still lack the ability to pay former section 987.8 attorney's fees].)

We conclude the trial court did not abuse its discretion by imposing any of the fines, and, regardless, any error was harmless.

DISPOSITION

Any portion of the $154 criminal justice administration fee imposed pursuant to former Government Code section 29550.1 that remains unpaid as of July 1, 2021 is vacated.  The judgment as modified is affirmed.


DO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.