Filed 10/28/22 P. v. Haggard CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B317041 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA494205) |
| v. | |
| SHAIN RICHARD HAGGARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Gustavo N. Sztraicher, Judge. Affirmed.

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Shain Richard Haggard appeals the trial court's imposition of a court operations assessment, a criminal conviction assessment, and restitution fines following the entry of his no contest plea. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), appellant contends the trial court used the incorrect standard to determine appellant had the ability to pay the fines and assessments and there is insufficient evidence to support the court's determination that appellant could pay the obligations out of prison wages. We disagree and affirm.

## BACKGROUND[1]

Appellant pleaded no contest to possession of cocaine while in Los Angeles County jail (Pen. Code,[2] § 4573.6, subd. (a)) as alleged in a one-count felony complaint.[3] At sentencing, the trial court suspended imposition of sentence, placed appellant on one day of probation, and ordered him to serve 69 days in county jail with 69 days' credit for time served. The trial court also imposed a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a $400 restitution fine (Pen. Code, § 1202.4, subd. (b)), and a $400 probation revocation restitution fine, effective upon the revocation of probation (Pen. Code, § 1202.44).

---

[1] Because the facts of the offense are not relevant to the issues on appeal, we omit a statement of the underlying facts. (*People v. Mendez* (2021) 69 Cal.App.5th 347, 351, fn. 2.)

[2] Undesignated statutory references are to the Penal Code.

[3] The felony complaint also alleged a prior strike conviction under the Three Strikes law (§§ 667, subd. (d), 1170.12, subd. (b)), but the record contains no indication that appellant admitted the prior strike allegation.

After the court ordered the fines and assessments, appellant requested that they be waived because he was going to prison in another case.[4]  The court responded that the fines and fees would be deducted from his prison wages, unless appellant could show "good cause why he shouldn't have to pay them." Citing *Dueñas*, appellant argued that the prosecution had the

---

[4] In three other cases (Super. Ct. L.A. County, Nos. LA094297, LA092447, and LA093820), appellant was sentenced to serve an aggregate term of five years four months in state prison.

The trial court designated the sentence in case No. LA094297 as the principal term and sentenced appellant to a term of four years in state prison.  In addition, the trial court ordered and stayed (based on appellant's indigence) a $300 restitution fine under section 1202.4, subdivision (b).  The court also ordered a $300 parole revocation restitution fine under section 1202.45, stayed unless and until parole is revoked and appellant returned to prison.

In case No. LA092447, appellant was sentenced to a consecutive prison term of one year four months.  The trial court also ordered a $300 restitution fine under section 1202.4, subdivision (b), and a $300 parole revocation restitution fine under section 1202.45, effective upon revocation of parole.

In case No. LA093820, the trial court sentenced appellant to a concurrent term of two years in state prison.  In addition, the court ordered a $300 restitution fine under section 1202.4, subdivision (b), and a $300 parole revocation restitution fine under section 1202.45, effective upon revocation of parole.

None of the minute orders in these cases indicates the imposition of a court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) or a criminal conviction assessment (Gov. Code, § 70373).

burden of proving the defendant has the ability to pay the fines and fees, and because he was unemployed and about to begin serving a prison sentence, he had no present means to pay. The trial court reiterated that the fines and fees would be deducted from appellant's prison wages and denied appellant's request to waive them.

## DISCUSSION

### The Trial Court Properly Denied Appellant's Request to Waive Imposition of the Restitution Fines and Court Assessments

Appellant contends the trial court applied the wrong standard to reach its conclusion that he would be able to pay the restitution fines and court assessments out of future prison wages. In other words, appellant asserts that the trial court erred in placing the burden on him to demonstrate his inability to pay. Appellant further argues the evidence was insufficient to support the trial court's finding that he has the ability to pay the fines and assessments.

Appellant's entire claim is based on the holding of the *Dueñas* decision, which declared: "[D]ue process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees.[5] (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) With respect

_____

[5] Numerous Courts of Appeal have questioned the correctness of the *Dueñas* decision, including this division. (*People v. Hicks* (2019) 40 Cal.App.5th 320 (*Hicks*), review granted Nov. 26, 2019, S258946.) The California Supreme Court granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–97 (*Kopp*) (review granted Nov. 13, 2019, S257844), to consider the

to imposition of the restitution fine mandated under section 1202.4, the *Dueñas* court disregarded the statutory requirement that the defendant bear the burden of demonstrating an inability to pay the fine (§ 1202.4, subd. (d)) and held that "the [trial] court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine." (*Id.* at p. 1172.)

Three months after deciding *Dueñas*, however, the same court clarified its holding regarding the burden of proof,

---

following issues:  (1) whether the trial court must take a defendant's ability to pay into account before imposing any fines, fees or assessments, and (2) which party has the burden of proof regarding the defendant's inability to pay the fines, fees and assessments contemplated by the trial court.

In *Hicks*, we concluded that *Dueñas* was wrongly decided, and we rejected its holding that "due process precludes a court from 'impos[ing]' certain assessments and fines when sentencing a criminal defendant absent a finding that the defendant has a 'present ability to pay' them." (*Hicks, supra*, 40 Cal.App.5th at pp. 322, 329, rev.gr.)  In reaching that conclusion, we found that *Dueñas* expanded "due process in a manner that grants criminal defendants a protection not conferred by either [of] its foundational pillars," as the mere *imposition* of fines and fees, without more, does not deny indigent defendants access to the courts and does not result in incarceration for nonpayment.  (*Id.* at p. 327, rev.gr.; accord, *People v. Petri* (2020) 45 Cal.App.5th 82, 92; *People v. Adams* (2020) 44 Cal.App.5th 828, 831–832; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1055–1061; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 923, 926–927; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *Kopp, supra*, 38 Cal.App.5th at pp. 96–97, rev.gr.)

5

declaring: "Consistent with *Dueñas*, a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing *present evidence* of his or her inability to pay the amounts contemplated by the trial court." (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490 (*Castellano*), italics added; accord, *People v. Cowan* (2020) 47 Cal.App.5th 32, 49 (*Cowan*), review granted June 17, 2020, S261952 ["although *Dueñas* can be read to suggest that the People must bear the burden of proving a defendant's ability to pay a challenged assessment or fine [citation], we agree with the courts that have since held a defendant bears the burden of proof on that issue"]; *People v. Taylor* (2019) 43 Cal.App.5th 390, 397 ["defendant bears the burden of showing his or her inability to pay"]; *People v. Santos* (2019) 38 Cal.App.5th 923, 934 (*Santos*) [on remand, the defendant must show his inability to pay]; *Kopp, supra*, 38 Cal.App.5th at p. 96, rev.gr. [same].)

Courts have also rejected the *Dueñas* court's suggestion that a defendant's *present* ability to pay is the only relevant consideration in determining whether fines, fees and assessments may be imposed. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1168; contra, *Cowan, supra*, 47 Cal.App.5th at p. 35 [assessment of defendant's ability to pay not limited to present ability to pay, but also whether defendant "has any reasonable prospect of paying in the future"]; *Hicks*, 40 Cal.App.5th at p. 322, rev.gr.; *Aviles, supra*, 39 Cal.App.5th at pp. 1069, 1076; *Santos, supra*, 38 Cal.App.5th at p. 934; *Kopp, supra*, 38 Cal.App.5th at p. 96.) In its clarification of its holding in *Dueñas*, *Castellano* explained, the trial court "must consider all relevant factors in determining whether the defendant is able to pay the fines, fees and

6

assessments to be imposed.  Those factors may include, but are not limited to, potential prison pay during the period of incarceration to be served by the defendant." (*Castellano*, *supra*, 33 Cal.App.5th at p. 490.)  As the court in *Aviles* observed, " ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.]  This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.' " (*Aviles*, at p. 1076.)

Here, by declining to waive the fines and assessments unless appellant could show "good cause why he shouldn't have to pay them," the trial court correctly placed the burden on appellant to show he lacked the present and future ability to pay the fines and assessments.  Since appellant presented no evidence to satisfy his burden, the trial court properly denied his request to waive the financial obligations.

Because appellant, not the prosecution, bore the burden of showing his inability to pay the fines and assessments, appellant's substantial evidence challenge to the trial court's denial of his request to waive those liabilities fails.  It is true that an appellate court usually reviews a trial court's resolution of disputed factual issues for substantial evidence. (*People v. Trinh* (2014) 59 Cal.4th 216, 236.)  But " '[w]hen the trier of fact has expressly or implicitly concluded that the party with the burden of proof failed to carry that burden and that party appeals, it is somewhat misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' [Citation.]

7

'Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*LaFace v. Ralphs Grocery Co.* (2022) 75 Cal.App.5th 388, 408–409, quoting *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 279.)

In requesting a waiver of fines and assessments at sentencing in this case, defense counsel simply pointed out that appellant lacked the ability to pay because he "currently is unemployed and headed to prison." Aside from this cursory statement, however, appellant offered no evidence and did not request a further hearing on his ability to pay the obligations. Based on the record before us, we conclude that the evidence does not compel a finding, as a matter of law, that appellant will be unable to pay the fines and assessments from prison wages and future earnings after his release from custody. (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 229; *Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Montes* (2021) 59 Cal.App.5th 1107, 1125 (dis. opn. of Poochigian, J.).)

Appellant was 32 years old at the time of sentencing in this case, and the record contains no indication he is unhealthy or unable to work. The trial court properly relied on the fact that appellant could earn prison wages while incarcerated to begin to pay the fines and assessments the court had imposed. The record also supports the implied finding that nothing precludes

appellant from continuing to pay these obligations from wages earned after his release from custody.

Relying on *People v. Rodriguez* (2019) 34 Cal.App.5th 641 (*Rodriguez*), appellant contends his qualification for representation by the Los Angeles County Alternative Public Defender's Office in the trial court and appointed counsel on appeal establishes "a *presumption* of indigence for most purposes," including his inability to pay the fines and assessments imposed by the court. (*Id.* at p. 645.) *Rodriguez*, however, is inapposite.

There, in addition to a restitution fine and court operations and criminal conviction assessments, the trial court ordered defendant to reimburse the county for $1,185 in attorney's fees. (*Rodriguez*, *supra*, 34 Cal.App.5th at p. 644.) The issue on appeal was whether the trial court erred by ordering reimbursement without first evaluating the defendant's ability to pay. (*Id.* at p. 645.) *Rodriguez* struck the attorney fee reimbursement order based on the presumption under section 987.8[6] " 'that a defendant sentenced to prison does not have the ability to reimburse *defense costs*.' (*People v. Flores* (2003) 30 Cal.4th 1059, 1068.)" (*Rodriguez*, at p. 646, italics added.)

However, a trial court's initial determination that a defendant is eligible for appointed counsel or its later decision to

_____

[6] Section 987.8 (repealed effective July 1, 2021) pertains solely to the circumstances and procedures pursuant to which a trial court may order a defendant to reimburse the county for legal fees at the conclusion of proceedings in which the defendant was represented by the public defender or private counsel appointed by the court. (See § 987.8, subds. (b), (d) & (e).)

deny a government request for reimbursement of attorney fees under section 987.8 does not constitute a finding— as a matter of law—that the defendant is unable to pay any fines, fees or assessments. No court has extended the presumption regarding a defendant's ability to reimburse the government for attorney fees to the imposition of restitution fines, assessments or other fees. Moreover, our Supreme Court has rejected the claim that an indigent defendant establishes an inability to pay court-imposed financial obligations by the mere fact that "he was appointed counsel and provided funds for expert witnesses and investigators, and because he assertedly has no earning potential." (*People v. Miracle* (2018) 6 Cal.5th 318, 356.) Indeed, the fact that the defendant's indigence meant he could not afford the cost of his defense did not establish he could not pay fines, fees and assessments imposed by the court. (*Ibid*.) Even *Rodriguez* acknowledged "an incarcerated defendant who has the ability to pay a restitution fine from prison wages may still lack the ability to pay [section] 987.8 attorney's fees." (*Rodriguez, supra*, 34 Cal.App.5th at p. 649; see also *Aviles, supra*, 39 Cal.App.5th at p. 1075–1076; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

The trial court properly considered appellant's future earning capabilities to deny his request to waive the statutorily mandated fines (Pen. Code, §§ 1202.4, subd. (b), 1202.44) and assessments (Pen. Code, § 1465.8, subd. (a)(1); Gov. Code, § 70373) in this case.

10

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


                              LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.

11